State to use Houseworth v. Dill, et al.

———o———

THE STATE OF MISSOURI, TO THE USE OF MARGARET HOUSEWORTH, Respondent, vs. HAMILTON DILL, JOHN L. GOMEL, CHARLES L. BIGGARS AND JOHN H. GLENN, Appellants.

1. *Executions—Selections by married woman whose husband has absconded—Const. Stat.—Action against officer, how brought.*—Under the statute concerning Executions (Wagn.Stat., 605, § 14), a married woman, whose husband has absconded, has a right to make the selections provided in § 11 of the same statute, and can maintain an action for the value of the property so selected when withheld from her by the officers. And such action is properly brought in the name of the State to her use. But she cannot, under § 14, recover from the sheriff the value of articles sold by him, which, under § 9, are exempt from execution. The act of March 3rd, 1873 (Sess. Acts 1873, p. 45), is not a legislative interpretation of § 14.

*Appeal from Holt Circuit Court.*

*Thomas Parrish,* for Appellants.

*Duff & Collins,* for Respondent.

28—VOL. LX.

Hough, Judge, delivered the opinion of the court.

The two material questions presented for consideration, by the record in this case, are, first, whether a married woman, whose husband has absconded, has, under the provisions of ·section fourteen of the General Statutes of 1865, in relation to Executions, the right to make the selections provided for in the eleventh section of the same act, and can maintain an action for the value of the property so selected, when it is withheld from her by the officers; and, second, whether such married woman can also maintain an action for the value of property, sold by the officer, which is exempt from execution by the terms of the ninth section.

The eleventh section is as follows: " Each head of a family, at his election, in lieu of the property mentioned in the first and second sub-divisions of the next preceding section, may select and hold, exempt from execution, any other property, real, personal or mixed, or debts and wages, not exceeding in value the amount of three hundred dollars."

Section 12. " It shall be the duty of the officers to apprise such person of his right to make such selection; and the same proceedings as to the selection, appraisement and sale of such property, shall be had as provided with reference to the selection, appraisement and sale of working animals, in the thirteenth and fourteenth sections of this act." .

Section thirteen provides the manner of selecting, appraising and selling the working animals declared to be exempt by the second clause of the ninth section.

Section fourteen is as follows:

Section 14. " When the articles specified in the last preceding section shall belong to a married man and he, at the time the execution is levied or at any time before the sale under it, has absconded or absented himself from his place of abode, his wife may claim the said articles, and receive the same from the officer, and may, if the said articles are taken or withheld from her, in her own name, sue for and recover the same, or the value thereof; and in such suit shall not be required to give security for costs."

The thirteenth and fourteenth sections appear for the first time in the Revised Statutes of 1845, and in the order observed in the General Statutes of 1865. The eleventh and twelfth sections were enacted in 1847. The plaintiff could acquire no right to make the selection provided for in the eleventh section, by reason of anything contained in the fourteenth section, as that section, by its terms, relates only to the working animals mentioned in the "last preceding section," that is, the thirteenth section. It is evident, however, that the legislature intended, in the enactment of the eleventh and twelfth sections to confer upon the wife, when abandoned by her husband, all the rights secured to him, by those sections. Otherwise, there would have been no propriety in making any reference whatever to the fourteenth section, in the twelfth section. No provision is made in the fourteenth section as to the mode of selecting, appraising or selling, the working animals mentioned in the thirteenth section; but certain "proceedings" are authorized by the fourteenth section, with reference to the working animals mentioned in the thirteenth section, which the twelfth section declares shall be had, with reference to the selections allowed to be made, by the eleventh section.

It must be confessed that this meaning is not expressed in the twelfth section with any very great degree of perspicuity, but a liberal interpretation is always to be indulged in construing statutes exempting property from execution. (Megehe vs. Draper, 21 Mo., 510.) The instructions given by the court below, on this point, are in harmony with the views here expressed.

On the second point, the court below ruled, that the plaintiff was entitled to recover the value of certain articles of household and kitchen furniture, sold by the defendant, Dill, under execution against her husband, who had absconded, before the levy, which articles were exempt from execution under the provisions of the ninth section. In this ruling, we think the Circuit Court erred.

Such a construction of the fourteenth section cannot be sustained by the most liberal interpretation which can legitimately be placed upon it. Since the levy in question, and since the institution of the present suit, the legislature has, by an amendment of the fourteenth section, passed March 3rd, 1873, conferred upon the wife, when the husband has absconded or absented himself from his place of abode, the right to claim all the articles exempted by the ninth section, except those appropriate only to the husband's use, and to sue for and recover the same, or the value thereof, when withheld from her by the officer. Amendatory acts are sometimes viewed in the light of legislative interpretations and respected by the courts as such; but no such view can be taken of the act of 1873. Prior to the passage of this act, the wife's right of recovery was limited to the working animals mentioned in the thirteenth section, and to the articles allowed to be selected under the eleventh section. Since the passage of this act, and by its terms, the wife's right, of claim and recovery, is limited to the articles exempted by the ninth section, with the exception above noted, without any right of selection under the eleventh section, and without any reference to the thirteenth section; the working animals there named, being included, of course, in the second subdivision of the ninth section. It will thus be seen that this act materially changes the scope of section fourteen, and cannot be regarded simply as a declaratory statute.

The action was properly brought in the name of the State, to the use of the wife, but in consequence of the error committed by the court, in its ruling as to the second point, the judgment which was for the plaintiff, will be reversed and the cause remanded; the other judges concur, except Judge Vories, who is absent.