## GEORGE M. CALDWELL, Respondent, v. THOMAS J. RENFRO et al., Appellants.

### St. Louis Court of Appeals, March 17, 1903.

1. **Exemption.** Exemption rights are purely of statutory origin and exist only so far as thereby created.

2. ———: STATUTORY CONSTRUCTION: HEAD OF FAMILY. A claimant's rights to assert his exemption privilege arise when the levy by the proper officer is effected, and even before the levy the statute requires the officer in whose hands the process had come to apprise the claimant as the head of the family of the property exempt from attachment and execution (section 3163, Revised Statutes 1899).

3. ———: ———: STATUTE OF CLAIMANT OF EXEMPTION REMAINS UNCHANGED. Where a claimant's rights to exemption have been established, they remain fixed, and his subsequent change of residence and removal to another State can not have the effect of forfeiting or destroying such vested rights.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED AND REMANDED (*with directions*).

*Dempsey & McGinnis* and *J. D. Hostetter* for appellants.

(1) It has been held in this State that the fact that a defendant in execution is about to remove from the State will not justify the levy of an execution on his exempt property. State to use v. Knott, 19 Mo. App. 151. (2) It has been the settled policy of the courts to construe exemption laws favorably to the debtor, instead of pursuing the opposite course. Holliday v. Mansker, 44 Mo. App. 465; Green v. Baxter, 91 Mo. App. 633; Rose v. Smith, 16 Mo. App. 88.

*J. H. Blair & Son* for respondent.

(1) But in order to do so he would have had to select the particular property he claimed in lieu of the specific property, and until so selected it could not take on the character of exempt property, and was subject to seizure and sale under the attachment. Davis v. Williams, 84 Mo. App. 307; Stewart v. Stewart, 65 Mo. App. 663; Statesbury v. Kirtland, 35 Mo. App. 148; Hombs v. Corbin, 20 Mo. App. 497; Alt v. Bank, 9 Mo. App. 91; Finley v. Barker, 110 Mo. 408. (2) "It may be laid down as a general proposition that the failure to assert or claim a right of exemption at all, or a failure to assert or claim it at the time and in the manner, if any, expressly or impliedly required by the statute which confers the right is a waiver of the right." 12 Am. and Eng. Ency. Law (2 Ed.), p. 198.

REYBURN, J. — In an action by attachment brought February 21, 1899, by George M. Caldwell

against Thomas J. Renfro, the attachment was sustained October 8, 1900, and final judgment rendered April 1, 1902, in favor of plaintiff against defendant, for the aggregate amount of $2,092.03. The causes of attachment assigned charged Renfro with concealing and disposing of his property so as to hinder and delay his creditors, and being about to so transfer and remove his property, but did not embrace any charge that he was about to leave the State, or that he was a nonresident of the State. Before the sale by sheriff H. M. Hopke of the property attached, March 15, 1899, Renfro served written notice on the sheriff, as the head of a family and resident of Missouri, demanding statutory exemptions under section 4903 of the statutes of 1889, and also claiming, under section 4906, $300 exemptions, now sections 3159 and 3162, respectively, of the present statutes. After final judgment was rendered in the attachment suit, all of the proceeds of the sale of the property attached, except the sum of $102.71, had been ordered by the court to be disbursed by the sheriff, and at the June term, 1902, plaintiff filed a motion for an order on the former sheriff to pay over this sum remaining to him on account of his judgment, and at the same term Renfro filed a motion for an order requiring the sheriff to pay the same amount to him in recognition of his exemption rights, and the sheriff likewise filed a motion for an order authorizing him to pay such balance to Renfro on his exemption claim.

The plaintiff's motion recites that on April 1, 1902, the court adjudged that Henry M. Hopke, as late sheriff of Pike county, had in his hands the proceeds of sale of personalty attached and sold under order of court, that in such final judgment the court ordered Hopke, as such sheriff, to pay the plaintiff from said funds certain amounts towards payment of the judgment rendered in said cause, but no part of the judgment indebtedness had been paid; that there remained in the hands of said Hopke, as such sheriff, of said proceeds,

the sum of $102.71, which the court omitted or failed
to order said Hopke, as such sheriff, to pay over to
plaintiff in such final judgment on account of his in-
debtedness; that the attachment in said cause had been
sustained and under the final judgment the plaintiff
was entitled to said sum, and that said Hopke, as such
sheriff, had said sum then on hand, and prayed for an
order on said Hopke, as such sheriff, requiring him to
pay such sum to plaintiff towards payment of said in-
debtedness.

Renfro's motion set out that at the time of the is-
suance and levy of the writ of attachment and the sale
of the attached property he was a resident of the State
of Missouri and had a family, and as such was entitled
to all the exemption rights fixed by statute, and that
prior to the sale of such attached property he had
served written notice on Henry M. Hopke, then sheriff
of Pike county, and the officer who was executing the
attachment writ, claiming his exemption rights in the
attached property and its proceeds, and that nothing
had ever been set out to him by the sheriff, either out
of said property or its proceeds on account of his ex-
emption claims; that on final judgment rendered by
the Pike Circuit Court, the sum of $102.71 was found
by the court to be in the hands of the sheriff, being the
balance of the proceeds of the sale of Renfro's interest
in the attached property not covered by a landlord's
or a vendor's lien in favor of plaintiff; that he (Renfro)
was entitled to such sum on account of his exemption
rights, and prayed for an order on the former sheriff
to pay over such amount, which was still in his custody,
to Renfro on account of his exemption claim and rights.

The motion of Henry M. Hopke, former sheriff of
Pike county, recited the facts contained in the motion
of defendant Renfro, and that said sum was a portion
of the interest of Renfro in the proceeds of sale of such
attached property not covered by a vendor's or a land-
lord's lien, exempt from attachment, and belonged to

Renfro, and asked authority of the court to make payment of the amount to the latter on account of his exemption rights.

These three motions were taken up and heard at one time, and from the evidence it developed that Renfro, about six months prior to the hearing of the motions, had removed to Illinois, where he was then residing with his family, although at the time of the issuance of the attachment, writ, the levy on the property and its sale, and for nearly three years thereafter, pending the litigation between Caldwell and Renfro, the latter continued to be a resident of Missouri. The trial court sustained the motion of the plaintiff and overruled the motion of Renfro and Hopke, who thereupon both perfected their appeal.

Appellants asserted the right of Renfro to the fund in question as exempt from seizure by attachment under the provisions of section 3162 of the Revised Statutes of 1899. Exemption rights are purely of statutory origin and exist only so far as thereby created. The statutes of exemption being benevolent and humane in their character, have been given a liberal construction so as to give full effect to the intention of the Legislature but no such construction should be given as to evade the purpose of the statute, and the intention of the lawmakers in extending charity to the impecunious must also be just to the creditors. Wagner v. Furniture Co., 63 Mo. App. 206; Waples on Homesteads and Exemptions, pp. 36, 37 and 764; Thompson on Homesteads and Exemptions, secs. 4 and 731. Appellant Renfro's right to assert his exemption privileges arose when the levy was effected and even before the levy the statute required the officer in whose hands the process had come to apprise him as the head of a family of the property exempt from attachment and execution. Sec. 3163, R. S. 1899. He had asserted his exemption rights in the proper manner by claim in writing served on the officer holding the attachment writ on March 15,

1899, while he continued as a resident of this State within the protection of its laws, and the rights of the parties hereto must be determined by their status at the time of the issuance of the writ of attachment. The notice of his exemption claim gave the property to which this appellant was entitled the status of property exempt from attachment and the respondent had no lawful right, and the officer no legal power to subject such property to the process. Renfro's rights thus firmly established, remained fixed and his subsequent change of residence and removal to another State could not have the effect of forfeiting or destroying such vested rights, or by expanding the scope of the attachment writ add to its effect or enlarge the rights of respondent beyond those existing thereunder at the time of its issuance. Stotesbury v. Kirkland, 35 Mo. App. 148; Thompson on Homesteads and Exemptions, sec. 839.

The judgment will, therefore, be reversed and remanded with instructions to the lower court to sustain the motion of appellant. *Bland, P. J.,* and *Goode, J.,* concur.