CARLTON G. HAIZLIP v. ADELIA (DAISY) HAIZLIP; WESTERN FUNERAL BENEFIT ASSOCIATION, J. O. U. A. M., Garnishee, Appellant.

### Division One, February 29, 1912.

1. **ATTACHMENT AND EXECUTION: Maintenance and Alimony: Constitutional Question: Changing Method of Collecting Debts: Special Laws.** Section 8296, R. S. 1909, which lays all property open to attachment or execution in proceedings by married women for maintenance or upon judgments or orders issued to enforce a decree for alimony, is not obnoxious to the constitutional provision which forbids the passage of any "special law providing or changing methods for the collection of debts, or the enforcing of judgments." The section mentioned is not a "special law."

2. **EXEMPTION LAWS: Constitutional Question: Vested Rights: Remedies and Procedure.** No man can acquire, as against the State, any vested rights in previous exemptions of his property or earnings. All exemption laws are of grace and favor, and can only exist during the will of the lawmaking body. It is entirely competent for the Legislature to abolish them in the absence of constitutional restraint. Laws merely affecting civil remedies and modes of procedure are not within the constitutional interdiction.

Appeal from St. Louis City Circuit Court.—*Hon. Virgil Rule,* Judge.

Affirmed.

*J. C. Hainer* for appellant.

(1) Section 8296, R. S. 1909, as applied to the facts in this case, is null and void, as being in violation of and contrary to article 2, section 15 of the Constitution of Missouri. Ex parte Bethurum, 66 Mo. 550; Leete v. State Bank, 115 Mo. 184; Gladney v. Sydnor, 172 Mo. 318; Society v. Wheeler, 2 Gall. (N. H.) 105. (2) It is a special law, applying only to judgments for alimony, and this violates article 4, section 53, sub-

division 17, of the Constitution of this State, in this, that the Legislature shall have no authority to pass any special law for "the enforcing of judgments." (3) A judgment or decree for alimony is simply a judgment or decree for the payment of money in discharge of a debt. McMakin v. McMakin, 68 Mo. App. 57; Coughlin v. Ehlert, 39 Mo. 285; In re Kinsolving, 135 Mo. App. 631. (4) The section has no retrospective operation and does not attach to judgments rendered prior to the taking effect of the act. Young v. Renshaw, 102 Mo. App. 187; Leete v. State Bank, 115 Mo. 184. (5) Statutes uniformly act prospectively, unless a retrospective operation is clearly expressed. State ex rel. v. Walker, 80 Mo. 610; State ex rel. v. State Auditor, 41 Mo. 25; Black on Const. Law (2 Ed.), sec. 286, p. 627. (6) Retrospective laws are forbidden *eo nomine* by the State Constitution, and when this is the case it is immaterial whether or not the act interferes with vested rights. Bartlett v. Ball, 142 Mo. 36; Cooley's Const. Lims. (6 Ed.), pp. 454-455.

*George Safford* for respondent.

(1) Exemption rights are purely of statutory origin, and exist only so far as they are created by statute. Caldwell v. Renfro, 99 Mo. App. 376. (2) The rights of the parties in garnishment proceedings must be determined by their status at the time of the issuance of the writ of attachment. Caldwell v. Renfro, 99 Mo. App. 381. (3) Statutory exemption of a debtor's property from levy and sale for the payment of his debts is a mere privilege, and in the absence of constitutional restrictions the Legislature may modify or wholly repeal exemption laws as to existing property and debts. 12 Am. & Eng. Ency. Law, p. 74, art. 5; Sparger v. Cumpton, 54 Ga. 355; Harris v. Glenn, 56 Ga. 94; Pramble v. State, 41 Md. 435; Bull v. Con-

roe, 13 Wis. 233; Caldwell v. Renfro, 99 Mo. App. 376; Howland v. Railroad, 134 Mo. 474; State ex rel v. Fidelity Co., 135 Mo. App. 164. (4) The repeal of an exemption law without a saving clause, after a debt has been contracted, leaves the debtor in precisely the same position as if there never had been such a law, except as to rights which have already vested by reason of a levy and a claim and setting apart of property as exempt or other proceedings had under the statute. 12 Am. & Eng. Ency. Law, p. 74, par. 4. (5) Modification or repeal of an exemption law does not impair the obligation of any contract as to creditors, but on the contrary it enlarges their remedy. And it is not objectionable as impairing the obligation of contracts as regards the debtor, for there is no contract giving him an exemption. Sparger v. Cumpton, 54 Ga. 355; 12 Am. & Eng. Ency. Law, p. 74, par. 2. (6) An act providing for execution to reach wages to satisfy judgment rendered prior to the passage of the act is not so much retroactive as operative upon the existing condition of things—that is, judgments existing but awaiting enforcement. Laird v. Carton, 196 N. Y. 169; Lindholm v. Waite, 119 N. Y. Supp. 1132, 134 App. Div. 993; Hedges v. Keiser, 119 N. Y. Supp. 751, 135 App. Div. 12; Bayliss v. Ryan, 117 N. Y. Supp. 1022, 64 Misc. 146. (7) Exemption acts, whether constitutional or statutory, relate to procedure and are remedial only. Cusic v. Douglas, 3 Kan. 123; Folson v. Asper, 25 Utah 299; Kirkman v. Bird, 2 Utah 100; Commonwealth v. Whipps, 80 Ky. 269. (8) A statute which relates to persons or things as a class, and which embraces all persons who are or who may come into a like situation and circumstances, is a general law. Dunne v. Railroad, 131 Mo. 1; State v. Walsh, 136 Mo. 400; State ex inf. v. Ins. Co., 150 Mo. 113; Elting v. Hickman, 172 Mo. 237.

BOND C.—This is a garnishment based upon decrees rendered in November and December, 1898, for alimony *pendente lite* and in gross, amounting to $1081.37, in a divorce suit wherein Adelia Haizlip obtained a divorce on her cross-bill to an action brought by her husband, C. G. Haizlip. The writ of garnishment was executed March 13, 1907, by summoning the Western Funeral Benefit Association, of which the defendant, C. G. Haizlip, was an employee. Issues were taken on the denial of the answer of the garnishee. Upon the trial, judgment was rendered against the garnishee for the amount of the alimony decreed in the divorce suit. The only defense interposed was the claim that the act of the Legislature abolishing all exemptions of property or wages in certain proceedings was unconstitutional. Said act is contained in the Revised Statutes of 1909, section 8296. Judgment was rendered against the garnishee, from which it duly takes its appeal to this court.

## OPINION.

I.   The act which appellant assails as unconstitutional is, to-wit: "No property shall be exempt from attachment or execution in a proceeding instituted by a married woman for maintenance, nor from attachment or execution upon a judgment or order issued to enforce a decree for alimony. And all wages due to the defendant shall be subject to garnishment on attachment or execution in any proceedings mentioned in this section, whether said wages are due from the garnishee to the defendant for the last thirty days' service or not." [R. S. 1909, sec. 8296.]

This statute was enacted in 1903 after the rendition of the judgment for alimony upon which this garnishment issued. Appellant contends that it is obnoxious to the constitutional provisions (Constitution of Missouri, art. 4, sec. 53, subdiv. 17) which for-

bid the passage of any "special law" in the instances therein enumerated, including the following, to-wit, "providing or changing methods for the collection of debts, or the enforcing of judgments." We are unable to concur in this contention. The act in question is not a special law, and hence does not transgress in that respect the prohibition of the organic law. It is clear from the terms and intendment of the act that it applies equally to all persons belonging to the classes designated therein, that is, to *all* husbands who fail to maintain their wives, or having been divorced fail to pay the alimony awarded. It also comprehends all wives before or after divorce belonging to the classes specified in the statute. Such an act of the Legislature is a general and not a special law, and hence not forbidden by the foregoing language. [Elting v. Hickman, 172 Mo. 237; State ex inf. v. Aetna Ins. Co., 150 Mo. 113; State v. Walsh, 136 Mo. 400; Dunne v. Railroad, 131 Mo. 1; St. Louis v. Liessing, 190 Mo. l. c. 481.]

Appellant takes the further view that the act in question deprives the husband of vested rights which accrued to him on his remarriage as the head of a family. This is also untenable, for it overlooks the principle, that no man can acquire, as against the State, any vested rights in previous exemptions of his property or earnings from liability to his creditors. All exemption laws are of grace and favor, and can only exist during the will of the lawmaking body. It is entirely competent for the Legislature to abolish them in the absence of constitutional restraint. [Caldwell v. Renfro, 99 Mo. App. 376; 12 Am. & Eng. Ency. Law, p. 74, art. 5.]

The intent of the legislative act under consideration was to amplify the remedy of a wife before or after divorce against the husband who had failed in the duty assumed by him to maintain her during the marriage and provide for her upon its dissolution, as

required by law. [Anderson v. Hardware Co., 134 Mo. App. 188.]

The act does not prejudice any vested rights in the husband, for the exemption laws do not constitute contracts on the part of the State and do not create any irrepealable rights. It was the design of the Legislature by this provision to make the remedy more efficient in the class of proceedings therein mentioned without affecting the previous obligations of the parties or creating any new obligations. Laws merely affecting civil remedies and modes of procedure are not within the constitutional interdiction. [Clark v. Railroad, 219 Mo. l. c. 532, and cases cited.]

The act under review is a wholesome exercise of the power of the Legislature and not repugnant to the Constitution. The result is, that the judgment in this case, rendered in pursuance of its provisions, is affirmed. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BOND, C., is adopted as the opinion of the court. All the judges concur.