PRICE, Judge.
This is an appeal from a judgment of the district court releasing an automobile from the effect of a seizure under a writ of fieri facias, the court having decided that the automobile was a tool of defendant’s trade and exempt from seizure under R.S. 13:3881.
Plaintiff, Termplan, Inc., had obtained a judgment against the defendant, Rudolph E. Tucker, in the amount of $1,978.00 in the First District Court of Caddo Parish, and in an attempt to satisfy the judgment caused a writ of fieri facias to issue and seized the 1966 Chevrolet Station Wagon belonging to defendant. Plaintiff had no mortgage or privilege on the automobile other than that arising from the seizure under this writ. Defendant filed a rule to show cause why the automobile should not be released from the effect of the seizure, alleging that he was self employed as a salesman of novelty items and that this vehicle was used as a necessary part of his trade or business. On the trial of this rule evidence was adduced to the effect that the defendant had commenced his occupation as an advertising or novelty salesman on May 8, 1967. The automobile was seized under the writ of fi. fa. in October, 1967. The evidence further revealed that this was the sole occupation of the defendant, and that it was necessary that defendant use the station wagon to call on prospective customers with his samples of' the products sold by him.
On the basis of this evidence the trial court held that the defendant had adequately proven that the station wagon was a necessary tool of his trade under the meaning of R.S. 13:3881 and ordered it released from the effect of the seizure.
Plaintiff has made only one assignment of error on this appeal. It complains that the trial judge erroneously found that the vehicle was a tool of defendant’s trade. This is a purely factual matter and we find no manifest error in the decision of the district judge in this matter. Under the holding in the case of Strozier v. Long, La.App., 40 So.2d 254, and subsequent cases, there is no question but that an automobile, if used as an instrument or tool of a trade by a person, is exempt from seizure.
For the foregoing reason the judgment appealed from is affirmed at appellant’s cost.