347 So.2d 1191 (1977)
Ray E. POPE d/b/a Franklinton Mobile Homes
v.
Ellis E. SPIERS.
No. 10555.
Court of Appeal of Louisiana, First Circuit.
June 13, 1977.
Rehearing Denied July 11, 1977.
*1192 France W. Watts, III, of Watts & Cassidy, Franklinton, for plaintiff.
Jim W. Richardson, Jr., Bogalusa, for defendant.
Before LANDRY, EDWARDS and COLE, JJ.
LANDRY, Judge.
Margie Lowe Pope, Joy Marie Pope Jones and Virginia Ann Pope, (Plaintiffs), substituted as parties herein in the capacities of widow and heirs, respectively, of deceased petitioner, Ray E. Pope, appeal from judgment awarding Ellis E. Spiers, (Defendant), judgment for damages and attorney's fees for the wrongful seizure of a truck belonging to Defendant, a millwright-welder. Defendant has also appealed praying for an increase in attorney's fees and an award for lost wages, which claim was rejected below. The trial court awarded Defendant $250.00 damages for humiliation and embarrassment and $250.00 attorney's fees. We amend the judgment to award Defendant recovery of lost wages, and an increase in attorney's fees.
Three issues are presented: (1) Was Defendant's truck exempt from seizure as a tool of Defendant's trade as millwright-welder; (2) If the truck was exempt, is Defendant entitled to damages for lost wages; and, (3) Should there be an increase in the award of attorney's fees.
On June 3, 1971, Plaintiff seized a 1969 Chevrolet pick-up truck belonging to Defendant, in execution of a deficiency judgment. Defendant reconvened for an injunction to release the vehicle, for damages for its wrongful seizure on the ground the vehicle was exempt from seizure as a tool of Defendant's trade, and for attorney's fees incurred to dissolve the seizure. The truck contained a tool box in which defendant kept the tools of his trade as millwright-welder. The vehicle and Defendant's tools remained under seizure through July 16, 1971, which seizure was lifted upon the trial court finding the truck and tools were exempt from seizure.
At the time of the seizure, Defendant was living in Bogalusa, Louisiana, with his parents. Defendant's father, a millwright, owned a truck. Defendant's mother, who worked at a school lunchroom in Bogalusa, also owned a vehicle. Defendant, a member of Millwright Local 1931, Bogalusa, was signed up as available for work on May 17, 1971. In early June, 1971, W. H. Lowe, Business Agent of Local 1931, called Defendant and offered him work as a welder at a project in Reserve, Louisiana, approximately 90 miles distant from Bogalusa. Defendant declined the work because his truck was under seizure and he had no means of transportation. During this interval, Local 1931 had two other welders listed as available for work; one lived in Metairie, Louisiana, the other in Luling, Louisiana. Also, during this same interval, Defendant's father was listed by Local 1931 as available for work as a millwright, but there were no openings for millwrights on the Reserve, Louisiana job. The prevailing wage for welders was then $6.35½ per hour for a 40 hour week, double wages being paid for overtime.
On September 1, 1971, Defendant accepted work at Reserve, as a welder, after Defendant's truck was released from seizure. The record shows that work was available to Defendant as a welder, at Reserve, during the time his vehicle and tools were under seizure.
Defendant testified to the effect that work was available to him at Reserve during the seizure period, but he could not accept the employment because he had no means of transportation. He conceded that as a welder, he had to furnish only his own shield (protective visor), gloves, leather sleeves, chipping hammer and a 12 inch crescent wrench, and that all other welder's tools were furnished by his employers. He *1193 stated he received a call to work about 10 days after the seizure, but could not accept. He recovered his tools July 16, 1971, at which time he was completing a job of building a fence for a landowner. He signed up with the local again on July 26, 1971, but contracted tonsilitis the next day. During August, 1971, he was unable to work because of his having undergone a tonsillectomy and recurring episodes of hemorrhaging, which required hospitalization and recuperation. On August 30, 1971, he was released by his doctor. He signed up for work August 31, 1971, and began working at Reserve the following day.
We initially find the trial court properly held that Defendant's truck and tools were exempt from seizure as tools of Defendant's trade as millwright-welder. In this regard, it is shown that as a millwright-welder, Defendant must possess numerous tools which require a vehicle to transport, although the tools which Defendant requires as a welder would not alone require a vehicle to move from job to job and to work each day.
The trial court held that Defendant failed to take available reasonable measures to mitigate loss of wages by failing to secure other means of transportation for work at Reserve, Louisiana. The trial court based its finding on the ground that Defendant failed to establish lack of availability of either of the vehicles owned by Defendant's parents, and also on the finding that Defendant's welding tools did not require a vehicle for transportation.
It is well established that a tort victim must take advantage of available reasonable measures to mitigate his losses. Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133 (1971); McKinnon v. Caddo Parish Policy Jury, 262 So.2d 834 (La.App.2d Cir.1972).
We find the trial court erred in applying the pertinent law to the facts of this case. Besides Defendant's truck being under seizure and unavailable for transportation, Defendant's welder's tools were on the truck and Defendant was denied access thereto. That Defendant's parents each owned a vehicle does not necessarily mean Defendant could have access to either vehicle for a daily 180 mile round trip to work. Additionally, assuming Defendant obtained transportation, it would have been necessary for him to purchase the welding tools Defendant was obliged to provide. Granting such tools did not require a vehicle to transport, we deem it unreasonable to require Defendant to duplicate these required tools, especially in the absence of a showing that such tools were obtainable at nominal cost.
From the record, we find that had not Defendant's truck and tools been wrongfully seized, Defendant could have been gainfully employed as a welder for a six week period subsequent to June 10, 1971. During this period, he would have earned a weekly wage of $254.20, or a total of $1,525.20, which he is entitled to recover.
Considering the nature of this case and the fact that counsel for Defendant has been required to prosecute this appeal, we find an award of attorney's fees in the sum of $500.00 to be in order.
The judgment of the trial court is amended and judgment rendered herein in favor of Defendant Ellis E. Spiers and against Plaintiffs Margie Lowe Pope, Joy Marie Pope Jones and Virginia Ann Pope, in solido, in the sum of $1,775.20, as damages, and the further amount of $500.00 as attorney's fees, with legal interest thereon from date of judicial demand, until paid; all costs of these proceedings to be paid by said Plaintiffs.
Amended and rendered.