**In re George Michael SEACORD, Debtor.**

**George Michael SEACORD, Plaintiff,**

v.

**COMMERCE BANK OF BLUE HILLS, Defendant.**

**Bankruptcy No. 80–01141–1.**

United States Bankruptcy Court, W. D. Missouri, W. D.

Nov. 19, 1980.

Gary M. Cupples, Kansas City, Mo., for debtor/plaintiff.

James L. Swarts, Kansas City, Mo., for defendant.

MEMORANDUM OPINION AND ORDER

FRANK P. BARKER, Jr., Chief Judge.

The issue presented is whether a valid non–possessory, non–purchase money lien

against a specially equipped 1977 Chevy van can be avoided under 11 U.S.C. § 522(f)(2)(B) as a "tool of the trade" under applicable law.

Commerce Bank actually has two (2) liens against this van, one for its purchase in January, 1978, and a second for automotive refrigerant purchased in December, 1978. Only the latter lien is under attack.

The debtor is engaged in the business of selling low cost, high volume automotive parts to service stations, automotive repair shops and used car lot operators in the greater Kansas City metropolitan area. He is the sole owner, operator and salesman and describes himself as a "wagon jobber", traveling daily along a regular route. He is also the head of a household.

The Chevy van is specially equipped with shelving bins, brackets on the inside of each side of the van which the debtor uses solely to carry and display the stock of merchandise he sells to his customers.

The debtor in his schedules has claimed that this motor vehicle is exempt as a tool of the trade. 11 U.S.C. § 522(b) permits an individual debtor a choice between exemption systems. The debtor may choose the Federal exemptions prescribed in subsection (d) of 11 U.S.C. § 522; or he may choose the other exemptions to which he is entitled under Federal law, and the law of the state of his domicile. Here, Mr. Seacord has elected to utilize the exemptions allowed by the State of Missouri.

Thus, in order to avoid plaintiff's lien, Mr. Seacord's Chevy van must be determined to be a tool of the trade under the Missouri state exemption statute, § 513.-435(7) R.S.Mo.1978 (Supp.1980) which states:

The following property, when owned by the head of the family, shall be exempt from attachment and execution: (7) The books of professional men, and the tools or other mechanical instruments or appliances necessary to the practice of any trade, business, or profession, and used in the practice thereof; but this subdivision does not apply to any books, tools, mechanical instruments, or appliances kept for sale or barter.

As far as can be determined, the point in issue has never been decided by the Missouri appellate courts. Thus, we must look to the statutory language and the intent of the legislature (insofar as it can be ascertained) to draw any conclusion as to its scope and effect.

The Missouri appellate courts have held that the exemption statutes are to be liberally construed. *Nephler v. Rowland*, 195 Mo.App. 386, 191 S.W. 1033 (K.C.Ct.App. 1917); *Bovard v. Kansas City Ft. S. & M. R. Co.*, 83 Mo.App. 498 (1900); and *State of Missouri to Use of Houseworth v. Dill*, 60 Mo. 433 (1875). This attitude has been reaffirmed in the more recent case of *Murray v. Zuke*, 408 F.2d 483 (8th Cir. 1969), which stated that the exemption laws were manifestly enacted for the relief of the debtor and should be liberally construed. But, it should also be noted that the courts have held that while exemption statutes are to be liberally construed, they are not to be extended beyond their plain import. *Caldwell v. Renfro*, 99 Mo.App. 376, 73 S.W. 340 (1903).

This Court is hesitant to place any limitation on the character and kind of tools of trade or instruments to be exempted, since the statute itself does not do so. Nor should this Court restrict the tools and instruments to those which were in general use when the statute was originally drawn or subsequently amended. The Court takes the view that the test of whether a tool, instrument or appliance is exempt is its adaptability to use in the trade or business of the debtor, rather than its size or value, and where the statute fixes no limit on the size or value of the tool or instrument, this Court will not so restrict.

Neither has the Missouri legislature seen fit to enumerate items that might be regarded as tools of the trade nor to establish a monetary limitation on this exemption, both of which would be evidence of an intent by the Missouri legislature to restrict this exemption's scope and effect.

Missouri's exemption statute allows a head of a family, when owned by him, an

exemption of "the tools or other mechanical instruments or appliances *necessary* to the practice of any trade, business or profession and *used in the practice thereof* . . . ." (emphasis added).

Thus, in order to exempt particular property, the debtor must show: (1) that the item is owned by a head of a family, (2) that the item claimed as exempt as a tool, instrument or appliance is needed for the reasonable conduct of the debtor's trade, business or profession; and (3) that the article is in fact so used.

The Court is convinced that the above facts have been established. The Court finds Mr. Seacord to be the head of a family. At the time of the institution of this proceeding, April 18, 1980, and several years prior thereto, the debtor was engaged in the business of selling low cost, high volume automotive parts. The debtor is the sole owner, operator and salesman of the business. The debtor travels daily along a regular route, displaying and selling his merchandise to customers—consisting primarily of service stations, automotive repair shops and used car lots in the greater Kansas City metropolitan area. Further, the "van" is specially equipped with shelving and brackets on the inside of each side of the truck which the debtor uses to transport the full stock of merchandise he sells. The Court thus finds that the motor vehicle in question is needed for the reasonable conduct of the debtor's trade and the article is in fact being so utilized. The Court also holds that indispensability is not the test of a "tool of the trade" exemption; but rather the test is the reasonable necessity of the item to the debtor's trade or business.

The debtor in his suggestions alleges that a majority of other jurisdictions have construed similar statutes as exempting motor vehicles as "tools" when such vehicles are necessary to and used in the practice of the debtor's trade or business. In support thereof, the debtor cites cases from California, Louisiana, Washington, Kansas and Nebraska. Although not controlling, a review of these cases is helpful.

In *Matter of Bailey*, 172 F.Supp. 925 (D.Neb.1959) the bankrupt was a painting contractor who owned a panel truck which he used to carry paint, tarps, ladders, and brushes to jobs. Further, certain portions of the truck had been especially adapted to such use. At the time the case was handed down, the Nebraska exemption statute § 25–1556 R.S.Neb.1943 was somewhat similar to our present Missouri statute. It read:

"No property hereinafter mentioned shall be liable to attachment, execution or sale on any final process issued from any court in this state, against any person being a resident of this state and the head of a family: . . . . (8) the tools and instruments of any mechanic, miner, or other person, used and kept for the purpose of carrying on his trade or business: . . . ."

Louisiana courts have also held automobiles tools of the trade. In *Termplan Inc. v. Tucker*, 215 So.2d 385 (La.App.1968) the debtor's sole occupation was a salesman of novelty items. The court found that it was necessary that he use his automobile to call upon prospective customers. The court of appeals affirmed the trial court in holding that this was a tool of the trade and exempt from seizure by a judgment creditor. This case affirmed the earlier holding of *Strozier v. Long*, 40 So.2d 254 (La.App.1949) where an automobile used by a small scale operator in the logging business, to travel about the country to find and purchase merchandisable timber, to find buyers, and to haul crews of cutters and loaders to and from sites of logging operation was a "tool or instrument necessary to a calling or trade."

Other cases holding automobiles, vans or trucks exempt as "tools of the trade or business" include: *Credithrift of America, Inc. v. Donald Dubrock*, 5 BR 353, 6 BCD 771 (Bkrtcy.W.D.Ky.1980) (real estate broker and salesman's automobile—under 11 U.S.C. § 522(f)(2)(B)); *In re Speiwak*, [1967–1970 Transfer Binder] Bankr.L.Rep. (CCH) Para. 62,893 (D.C.Cal.1968) (plumber's truck); *In re Trotter*, 97 F.Supp. 249 (W.D.La.1951) (sales manager of paper com-

124

pany); *Sun, Ltd. v. Casey,* 96 Cal.App.3d 38, 157 Cal.Rptr. 576 (1979) (handicapped licensed real estate sales woman); *Pope v. Spiers,* 347 So.2d 1191 (La.App.1977) (pickup truck of millwright–welder to transport his tools); *Gunn v. Credit Service Corp.,* 46 So.2d 628 (La.App.1950) (insurance adjuster); *Lopp v. Lopp,* 198 Cal.App.2d 474, 18 Cal.Rptr. 338 (1961) (pickup truck used to mount retread tires for used car lots); *Penrose v. Stevens,* 100 Colo. 83, 65 P.2d 697 (Colo.1937) (truck used in trucking and hauling); *Pellish Bros. v. Cooper,* 47 Wyo. 480, 38 P.2d 607 (1934) (taxi driver); *Foster v. Foster,* 144 Kan. 528, 61 P.2d 1350 (1936) (hotel clerk who worked late at night after street cars had stopped running); and *Dowd v. Heuson,* 122 Kan. 278, 252 P. 260 (1927) (construction company foreman's automobile used on business errands and to transport workmen to and from out–of–town jobs).

As aptly stated by Judge Hardy in *Strozier v. Long,* 40 So.2d 254, 255 (La.App.1949), conducting such a trade or business by Mr. Seacord without the use of his van would be ".... about as effective as a cowboy, on foot, attempting to round up range cattle."

In conclusion, the Court finds nothing to indicate that the legislature meant to restrict the exemption to simple hand tools, etc.; especially since no dollar limitation was placed on this provision.

Therefore, it is hereby ORDERED that defendant's lien is avoided and set aside to the extent it secures the debt for the purchase of goods other than the vehicle.