## In re Roy Wade BURCH, Addie Elizabeth Burch, Debtors.

### Bankruptcy No. 18200318.

United States Bankruptcy Court,
W.D. Kentucky.

Nov. 3, 1983.

Lee L. Coleman, Bowling Green, Ky., for debtors.

David Anderson, Bowling Green, Ky., for creditor, Credithrift of America, Inc.

## ORDER SUSTAINING MOTION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

Roy Wade Burch, a self-employed home repairman and contractor, seeks to avoid a lien on his pick-up truck, pursuant to § 522(f)(2)(B) because it is a "tool of the trade", essential for pursuit of his current occupation.

Credithrift of America, Inc. holds a non-possessory, nonpurchase money security interest in this truck, as well as other collateral, to secure an outstanding debt of $3,455. It objects to the debtor's avoidance motion regarding the pick-up truck, but has acquiesced in the motion insofar as it related to the debtor's household goods.

We have previously held that an automobile may be designated as a tool of the trade and therefore qualify for an exemption and resulting lien avoidance, if there is a "significant nexus" between the debtor's occupation and the use of his vehicle.[1] In our prior determinations we also indicated the details of this nexus for skilled tradesmen. If an artisan's vehicle is uniquely equipped or required for constant use, we have held, it is an exemptable tool of the trade.[2] We deal with such a situation today.

In his affidavit the debtor states that the pick-up truck is integral to a continuation of his business. It serves as his transportation to prospective and actual construction sites and provides delivery service for needed building materials and storage space in a built-in tool box for small construction tools. Credithrift does not dispute the nature or use of the truck.

Roy Burch is one of that noble but vanishing breed, the rugged individualist, manual-labor entrepreneur and self-employed

---

1. See *In re Damron,* 5 B.R. 357 (Bkrtcy.W.D. Ky.1980); *In re Dubrock,* 5 B.R. 353 (Bkrtcy.W. D.Ky.1980), aff'd (W.D.Ky.1980, No. C–80–0434)

2. *In re Damron,* supra at p. 359; See also *In re Seacord,* 7 B.R. 121 (Bkrtcy.W.D.Mo.1980); *Pope v. Spiers,* 347 So.2d 1191 (La.App.1977);

*In re Spiewak,* [1967–1970 Transfer Binder], Bankr.L.Rep. (CCH) ¶ 62,893 (D.C.Calif.1968); *Lopp v. Lopp,* 198 Cal.App.2d 474, 18 Cal.Rptr. 338 (1961); *In re Bailey,* 172 F.Supp. 925 (D.Neb.1959); *Penrose v. Stevens,* 100 Colo. 83, 65 P.2d 697 (1937); *Dowd v. Heuson,* 122 Kan. 278, 252 P. 260 (1927)

jack-of-all trades, to whose value any homeowner can attest. Such a man has a crucial dependence upon his "workshop on wheels,"[3] and is clearly entitled to an exemption under controlling Kentucky state law.

Under Kentucky exemption law it is not necessary for us to characterize Burch's pick-up truck as a "tool of the trade"; vehicles such as that here claimed exempt are specifically described: "One motor vehicle and its necessary accessories, including one spare tire, of a mechanic or other skilled artisan primarily engaged in the replacement, repair, or emergency servicing of essential mechanical, electrical or other equipment in general use, is exempt...[4]

Having decided that an exemption is available we now consider its amount. Kentucky's exemption statute defines the upper limit, $2,500, but we need not reach that limit; the uncontested market value of the truck is only $600.00.

Section 522(f) of the Bankruptcy Code permits lien avoidance "to the extent that such lien impairs an exemption to which the debtor would have been entitled," and we settled with *Dubrock* the proposition that a vehicle may *also* be a "tool of the trade" for § 522(f) purposes. Because Burch's undisputed valuation of $600 is well below the statutory maximum, the truck is entirely exemptable. And, because Credithrift's lien on the truck impairs a state exemption, it is therefore avoidable.

The case before us is one of the last, if not the last, in which lien avoidance is an issue. Lien avoidance has been made generally unavailable in this jurisdiction by virtue of recent court decisions construing an amendment of the Kentucky exemption statute which became effective July 15, 1982, and other, similar, state laws.[5] A decision in the Burch case was made necessary only because his petition was filed the day before the new Kentucky law became effective.

Upon the foregoing reasoning and authorities, it is hereby ORDERED that the motion to avoid the lien on the debtor's pick-up truck is sustained.

---

3. *In re Damron,* supra at p. 359.

4. KRS § 427.030.

5. *In re Wells,* BK 3–82–01881 (W.D.Ky.1983, unreported); *Pine v. Credithrift of America,* 717 F.2d 281 (6th Cir.1983). Neither *Wells* nor *Pine* eliminated a debtor's ability to avoid a judicial lien.