In the Matter of John LIPE, Debtor.

John LIPE, Movant,

v.

CORNER STONE BANK, Respondent.

Bankruptcy No. 83–02365–SW.

United States Bankruptcy Court,
W.D. Missouri,
Southwestern Division.

Dec. 21, 1983.

W. Henry Johnson, Douglas, Douglas &
Johnson, Neosho, Mo., for movant.

Abe R. Paul, Paul & Paul, Pineville, Mo.,
for defendant.

FINDINGS OF FACT, CONCLUSIONS OF
LAW AND FINAL JUDGMENT
GRANTING MOTION FOR LIEN
AVOIDANCE

DENNIS J. STEWART, Bankruptcy
Judge.

The movant debtor requests the avoidance of the respondent's lien, under the
provisions of section 522(f)(2) of the Bankruptcy Code, upon certain farm implements,
including a 1980 Ford tractor which he values at $500, a rotary cutter valued at $150,
a subsoiler valued at $25, a sickle mower
valued at $100, a blade valued at $75, and a
field cultivator valued at $100. The debtor
claims the implements as his exempt property under the provisions of section 513.-
430(4) RSMo, which exempts "(a)ny implements, professional books or tools of the
trade of such person or trade of a dependent of such person not to exceed two thousand dollars in value in the aggregate."
The respondent lienholder, however, contends that "plaintiffs is not a farmer and
does not derive his primary source of income from farm operations and ... the
equipment listed is property held by the
plaintiff for his convenience and enjoyment
and as such does not constitute property
that is exempt."

On the issue thus joined, the court conducted its plenary evidentiary hearing on
December 16, 1983, in Joplin, Missouri. The
evidence which was then adduced showed
that the debtor suffers from a service-connected disability incurred some 38 years ago
during World War II; that, on account of
this disability, he receives a payment from
the Air Force in the sum of $1200 monthly;
that, additionally, 18–20 years ago, he was
injured as the result of sustaining an electrical shock; that, as a result of his cumulative disabilities, he is unable to do farm
work personally, other than as a bookkeeper
and manager; that the land which he
claims to farm is 40 acres owned by his
mother on which he has hired others to use
the abovementioned equipment to plant and
harvest alfalfa; that, in the last two years,
the total gross proceeds of this farming
operation have been $1800; that, during
these seasons, however, he has been able to
obtain only one cutting of the alfalfa because of drouth conditions, whereas, ordinarily, three or four cuttings could be expected; that he rents the 40-acre farm from
his mother at $800 per year which he pays
to her upon harvesting the alfalfa crop;
that he intends to engage in farming the
alfalfa in the years to come when he hopes
that weather conditions will permit him to
realize three or four cuttings per year; and
that, in seeking a loan from the respondent
Corner Stone Bank, the movant did not
disclose that he had any farm income, but
rather disclosed only his pension income.

The evidence thus adduced leaves little
question that farming is the debtor's primary—in fact his only—trade, even though
his income may come primarily from other
sources. And the uncontradicted evidence
further demonstrates a likelihood that the
debtor's farming operations will increase in
the future. Thus, the court has little difficult in finding that farming is the trade or
business of the debtor and that the implements in respect to which lien avoidance is
sought are tools of that trade or business.
The defendant relies upon the holding in *In*

*re O'Neal,* 20 B.R. 13 (Bkrtcy.E.D.Mo.1982), holding that the tools of a farming *business* could not be exempted as tools of the debtor's *trade.* But that decision was made under the provisions of a former Missouri exemption statute which imposed no value limit on what might be exempted as tools of a debtor's trade. It thus has little or no application to the matter at bar, which involves the current Missouri statute which places a $2,000 limit on a claim of exemption for tools of the trade, a limit which is not surpassed in the matter at bar. Further, the *O'Neal* case has not, in its applicable holding, been followed in this district. See *In re Seacord,* 7 B.R. 121 (Bkrtcy.W.D. Mo.1980). Furthermore, the standard definitional sources define "trade" so as to include not only that which results in a subsistence, but also that which may be plied for profit. "Trade" is defined as "(t)he business which a person has learned which he carries on for procuring subsistence, *or for profit.*" Black's Law Dictionary, p. 1665 (1968) (Emphasis added.).

The laws which now prevail on the issue of lien avoidance admittedly leave much to be desired in the way of fairness and their congruence with the spirit of our national Constitution. See, e.g., *Miller v. Peoples Bank of Miller,* 8 B.R. 43 (Bkrtcy.W.D.Mo. 1980); *Matter of Cole,* 15 B.R. 322 (Bkrtcy. W.D.Mo.1981). But see *In re Lovett,* 11 B.R. 123 (D.C.W.D.Mo.1981), expressly overruling *Miller, supra.* Accordingly, the bankruptcy court is bound by the *Lovett* decision and the *Seacord* decision, *supra,* and their application to the facts of this case compels the granting of the requested lien avoidance. It is therefore

ORDERED that the debtor's motion for lien avoidance be, and it is hereby, granted.