**In re Richard Glenn CARRELL, Kathy Ann Carrell, Debtors.**

**Bankruptcy No. 95–41253–ABF.**

United States Bankruptcy Court, W.D. Missouri.

Sept. 5, 1995.

---

Raymond Calkins, Kansas City, MO, for debtors.

Robert A. Pummill, Pummill & Rubin, P.C., Kansas City, MO, for trustee.

*MEMORANDUM OPINION
AND ORDER*

ARTHUR B. FEDERMAN, Bankruptcy Judge.

The Chapter 7 Trustee, Robert A. Pummill (the "trustee") objects to the tools of the trade exemption claimed by debtor Kathy Ann Carrell with respect to certain transmission cords and rebuild kits used in the operation of a business owned by herself and her husband, debtor Richard Glen Carrell. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jur-

isdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). For the reasons set forth below, the trustee's objection is OVER-RULED.

The facts here are straightforward. The debtors own an automotive repair shop. Debtor Richard Glenn Carrell is himself a mechanic. Debtor Kathy Ann Carrell performs other work at the shop on a part-time basis. Neither of the debtors is paid a salary by such shop, but they instead take a draw for payment of their living expenses as such funds are available.

Debtors own, as tenants by the entirety, certain tools used in the auto shop. Both debtors claim a tools of the trade exemption as to such tools. The issue here is whether debtor Kathy Ann Carrell is entitled to claim such an exemption. Mo.Stat.Ann. § 513.430(4) (Supp.1995). For these purposes, I assume that she does not actually use such tools to repair vehicles, but that her livelihood is derived from the ownership of such tools.

■ The Bankruptcy Code (the "Code") permits a debtor to exempt certain property, unless the state of residence has "opted out" of the Code exemption provisions. 11 U.S.C. § 522(b)(2)(A). The State of Missouri has "opted out" of the Code provisions by providing that any person seeking relief under Title 11 shall be allowed to exempt property that is exempt from attachment and execution under the laws of Missouri or under Federal law other than Title 11. Mo.Stat.Ann. § 513.427 (Supp.1995). In Missouri, a person may exempt from attachment and execution, to the extent of that person's interest, "[a]ny implements, professional books or tools of the trade of such person or the trade of a dependent of such person not to exceed two thousand dollars in value." Mo.Stat. Ann. § 513.430(4) (Supp.1995). Tools of the trade are defined as "the tools or other mechanical instruments or appliances *necessary* to the practice of any trade, business or profession and *used in the practice thereof.*" *Seacord v. Commerce Bank of Blue Hills (In re Seacord),* 7 B.R. 121, 123 (Bankr.W.D.Mo. 1980). In *Seacord* the Court held that in order to exempt certain property as a tool of

the trade the debtor must show that the tool is needed for the reasonable conduct of the debtor's trade and that the article is so used. *Id.* There is nothing in this definition that requires debtor to actually use the tool, only that the tools are actually used in debtor's trade. In *Lipe v. Corner Stone Bank (In re Lipe),* 36 B.R. 597, 598 (Bankr.W.D.Mo.1983), the Court found that a Chapter 7 disabled farmer could exempt farm implements as tools of the trade notwithstanding that debtor himself was able only to perform as a bookkeeper and manager and had to hire others to do the actual farming. The Court reasoned that "a trade is the business which a person has learned which he carries on for procuring subsistence, or for profit." *Lipe* at 599. Again, the only requirement for exemption is that the tools are used in carrying on a business for subsistence or profit. No one disputes that debtors are engaged in the operation of a business. Mrs. Carrell does perform work for the business. The work she performs is necessary to secure a profit even if she does not actually repair the automobiles. I fail to see the distinction between acting as the bookkeeper and manager in a farming operation and acting in a similar capacity in an automotive repair shop. Exemption statutes are enacted for the relief of the debtor and are to be liberally construed. *Murray v. Zuke,* 408 F.2d 483, 487 (8th Cir.1969). In this instance debtors are wholly dependent upon the automotive repair shop for their livelihood. The tools at issue are certainly necessary to the practice of debtors' trade, therefore, the trustee's objection to the claimed exemption of Ms Carrell is OVERRULED.

IT IS SO ORDERED.