[Civ. No. 6112. Second Appellate District, Division One.—November 15, 1928.]

DONALD J. DODGE et al., Appellants, v. R. P. MITCHELL, as County Superintendent of Schools, etc., Respondent.

Diehl & Anderson for Appellants.

Z. B. West, Jr., District Attorney, S. B. Kaufman, Deputy District Attorney, and D. G. Wettlin for Respondent.

HOUSER, J.—This is an appeal from a judgment by virtue of which an application for a writ of mandate was denied.

The essential facts are that, under the provisions of section 1734b of the Political Code, by order of the board of supervisors of Orange County, certain common school districts therein were annexed to a city high school district. Several years thereafter, for apparently satisfactory reasons, in presumed accordance with procedure outlined in section 1733a of the Political Code, "a majority of the heads of families" living within such common school districts, presented a petition to the county superintendent of schools, by which the petitioners, on behalf of the common school districts theretofore annexed to the city high school district, sought to have an election called for the purpose of determining whether such common school districts might withdraw from said city high school district and from such elementary school districts form an independent high school district. The county superintendent of schools denied such petition. Thereupon a writ of mandate was sought from the superior court requiring the county superintendent of schools to call such election. The petition for the writ was denied and judgment entered accordingly. It is from such judgment that this appeal is taken.

So far as concerns the questions here involved, section 1733a of the Political Code in substance provides that in circumstances therein set forth "a majority of the heads of families or of the electors" of certain specified elementary school districts which "are a part of one or more *union* or *joint union* high school districts" may present a petition to the county superintendent of schools to the effect that he shall call an election for the purpose of determining whether or not an independent union or joint-union high school dis-

trict shall be organized, to be composed of the elementary school districts represented by the petitioners. Neither by the terms of the statute to which reference has been had, nor by any other statute to which the attention of this court has been directed, is a similar right or privilege extended to elementary or common school districts which have been annexed to *city* high schools districts.

Judged by the opening brief, it would seem to be the contention of appellants that the statute (sec. 1734b) is unconstitutional in that it is not uniform in its operation. However, by their closing brief the following admission is made:

"However, in this appeal, the appellants do not contend that section 1734b of the Political Code is unconstitutional. In fact they admit, for the purposes of this appeal, and in accordance with the decisions cited above, that section 1734b of the Political Code is constitutional. Their contention is that section 1734b is constitutional, that it being constitutional, it must have a uniform operation, and in order that it have a uniform operation, all elementary school districts annexed to high school districts under its provisions must have an equal opportunity to withdraw from the high school districts to which they were annexed, and if some of them thus annexed be able to use the provisions of section 1733a of the Political Code, all must be able to do the same."

In other words, the position finally assumed by appellants is that, notwithstanding the absence of statutory law granting the privilege which is sought by appellants, the right should be accorded the elementary school districts which they represent, because by the statute to which they refer other elementary school districts annexed to *union* high school districts, as distinguished from *city* high school districts, are given such right. No authority is cited by appellants in support of such suggested legal principle. It is clear that a judgment in accordance with appellants' contention in effect would amount to judicial legislation and be a plain usurpation of legislative functions. Assuming that the statute is constitutional so far as concerns the situation here involved, the law must be construed as written—not as it

might be written, however advantageous or desirable such latter course might be to interested citizens or prospective litigants.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.