[Civ. No. 25422.   Second Dist., Div. Four.   Dec. 26, 1961.]

MILDRED NEDINE LOPP, Plaintiff and Appellant, v. THOMAS ELMER LOPP, Defendant and Respondent.

Eagleton & Petterson for Plaintiff and Appellant.

Thomas Elmer Lopp, in pro. per., for Defendant and Respondent.

BALTHIS, J.—Plaintiff obtained a writ of execution in the above action and the marshal levied upon certain property belonging to the defendant, to wit, a 1958 Ford pickup truck.

Defendant made and filed an affidavit claiming exemption which includes the following statement: "That affiant is in the business of mounting and dismounting retread tires for various used car lots and said truck is a tool or implement necessary to carry on his trade and is thereby exempt under Code of Civil Procedure section 690.4."

Upon a motion made by plaintiff to determine this claim of exemption, the court sustained defendant's claim and plaintiff appeals from such order. Respondent (appearing

in propria persona) did not file a brief and the appeal is considered upon the clerk's transcript and appellant's brief.

Defendant claimed exemption under section 690.4 of the Code of Civil Procedure, the material portion of which provides exemption for "The tools or implements of a mechanic or artisan, necessary to carry on his trade; . . ." Defendant also claimed exemption under section 690.24 (relating to motor vehicles) of the same code but it is unnecessary to pass upon the question of exemption under this section in view of our decision that exemption does lie under section 690.4.

In determining the question whether the pickup truck in this case is a tool or implement of a mechanic or artisan necessary to carry on his trade, consideration of the case of *Twining* v. *Taylor*, 170 Cal.App.2d Supp. 842 [339 P.2d 646], is helpful. In that case the court held a judgment debtor engaged in the occupation of spreading gypsum and fertilizer in fields of farmers to be a "mechanic or artisan" and entitled to claim exemption with respect to a tractor with a bucket dozer attachment. The court points out the requirements for exemption under this section (p. 844): "By the terms of the statute (Code Civ. Proc., § 690.4) the party seeking the exemption here involved must meet three requirements. (1) He must be a 'mechanic or artisan.' (2) The equipment involved must be a tool or implement. (3) The equipment must be 'necessary to carry on his trade.' "

In the instant case we believe that the defendant, being engaged in the business of mounting and dismounting retread tires for various used car lots, is a "mechanic or artisan" within the meaning of said section 690.4.

As to whether defendant's truck is a "tool or implement," we again find the answer suggested by the *Twining* case (170 Cal.App.2d Supp. 842, 845 [339 P.2d 646]). Quoting from *Peebler* v. *Danziger*, 104 Cal.App.2d 490 [231 P.2d 894], the court defined a tool or implement as: " 'any implement needed and used for the purpose of carrying on one's trade or business.' " The court further pointed out that exemption statutes should be liberally construed and such is the case "when there is doubt whether the particular personal property is a tool or implement." In this case, defendant's pickup truck does qualify as a "tool or implement."

Finally, considering the question of necessity, the court said in the *Twining* case (170 Cal.App.2d Supp. 842, 845 [339 P.2d 646]); "Whether the use of the particular implement is 'necessary' in carrying on the debtors' trade is

usually a question of fact . . . and the determination of the trial court in this regard will generally not be disturbed on appeal.''

Here, defendant claimed that the pickup truck was necessary for his business. The record does not show whether there was any other evidence before the trial court on this point. We believe that in view of the type of business involved, the mounting and dismounting of retread tires for used car lots, and the classification or description of this particular tool, a pickup truck, the finding of necessity by the trial court (which fact must have been found as a re-quirement under the code section) must be upheld. The determination of the trial court in this regard will generally not be disturbed on appeal (*Twining* v. *Taylor,* 170 Cal. App.2d Supp. 842, 845 [339 P.2d 646]).

Plaintiff contends that section 690.24 of the Code of Civil Procedure is a specific section dealing with the exemption of a motor vehicle and if this case does not come within that section because of the value of the pickup truck, the exemption fails. Plaintiff cites the case of *Security-First Nat. Bank* v. *Pierson,* 2 Cal.2d 63 [38 P.2d 784], which involved section 690, subdivision 3, of the Code of Civil Procedure. The material part of that section at that time read: ''The farming utensils or implements of husbandry of the judgment debtor, not exceeding in value the sum of one thousand dollars; also two oxen or two horses or two mules, and their harness, one cart or buggy, and two wagons, and food for such oxen, horses or mules, for one month. . . .'' Defendant there contended that the numerous saddles, bridles, saddle blankets, packing equipment, etc., levied upon were implements of husbandry and therefore exempt from execution. The court noted that no necessity arose for a discussion of the question whether husbandry included stock-raising; it was assumed that stock-raising was one of the many branches of agriculture or farming as defined by the authorities. The court held that the code section limited the exemption to ''two horses or two mules,'' and therefore the debtor was entitled to retain only so much of the property seized as would equip two animals. The reasoning was that defendant's property was of a class which was so specifically described or limited in quantity that his claim of exemption could not include more than the declared limitation. The court said: (p. 65) ''The court may not make additions to the statutory list of exemptions. Consequently, if the defendant's property

is of a class which is so specifically described or limited, his claim of exemption may not include more than the declared limitation.''

We believe the rule stated in the above case is not applicable here. The article levied upon is specifically described as a pickup truck used in the tire retreading business and while it may come within the general class description of ''motor vehicle,'' it more specifically, suitably and accurately here falls within the description ''tool or implement of a mechanic necessary to carry on his trade.'' There is no question of quantity limitation involved here.

The other cases cited by plaintiff, *In re Wilder*, 221 F. 476, and *Conlin* v. *Traeger*, 84 Cal.App. 730 [258 P. 433], do not seem in point. In each case the exemption claimed went far beyond the words of the statute and it was held properly that the exemption was not available. We have already pointed out that in the instant case the three requirements of section 690.4 are present and make the exemption available.

It is not necessary to discuss the further question as to whether the value of the pickup truck (rather than the net equity) prevents exemption under section 690.24.

The order made by the trial court is affirmed.

Burke, P. J., and Jefferson, J., concurred.