[Civ. No. 17332. Fourth Dist., Div. Two. Aug. 2, 1977.]

LA VERA SMITH, Plaintiff and Appellant, v.
DON E. RHEA, as Marshal, etc., et al., Defendants and Respondents.

COUNSEL

Nancy B. Kaufman for Plaintiff and Appellant.

Adrian Kuyper, County Counsel, and Arthur C. Wahlstedt, Jr., Deputy County Counsel, for Defendants and Respondents.

OPINION

**McDANIEL, J.**—This is a class action seeking a declaratory judgment and permanent injunction. Plaintiff seeks to enjoin the County of Orange and certain county officers from conducting execution sales of motor vehicles without disbursing the proceeds of such sales as per Code of Civil Procedure[1] section 690.2. Plaintiff also seeks a declaration of rights and duties under section 690.2. Defendants' demurrer to the complaint was sustained without leave to amend and plaintiff appeals from the resulting judgment dismissing the action with prejudice.

The complaint alleges that defendant Don E. Rhea, Marshal of Orange County, acting pursuant to a duly issued writ of execution, sold plaintiff-judgment debtor's automobile, an unencumbered 1969 Ford, at an execution sale for the sum of $355, which the plaintiff further alleges the defendants are wrongfully withholding. Plaintiff, an indigent person, owned no other vehicle and did not have means to purchase another. It is plaintiff's contention that under section 690.2 she should have received the entire amount of $355, the proceeds from the sale of her vehicle.

In the court below, defendants argued on the demurrer that plaintiff was not entitled to any portion of the $355 because plaintiff had failed to file a claim of exemption pursuant to section 690.50. The court sustained the demurrer without leave to amend on the grounds that the complaint failed to allege facts sufficient to state a cause of action and more particularly on the ground that plaintiff failed to allege the filing of an affidavit claiming exemption pursuant to section 690.50 or whether or not such claim of exemption was granted or denied.

On appeal, plaintiff contends that it was not necessary to file an exemption claim in order to be entitled to the proceeds under section

---

[1]Unless otherwise indicated, all code references are to the Code of Civil Procedure.

690.2. To determine the proper interpretation of section 690.2, we look first to the statute's language.

## I. *The Statutory Language*

Plaintiff's case arose under section 690.2 as it read after a 1974 amendment (Stats. 1974, ch. 562), but before the 1976 revisions (Stats. 1976, chs. 503, 1210). All references herein to section 690.2 pertain to the 1974 version unless otherwise noted. That version reads as follows:

"One motor vehicle with a value not exceeding five hundred dollars ($500), over and above all liens and encumbrances on such motor vehicle [is exempt from execution], provided that the value of such motor vehicle, as set forth in established used car price guides customarily used by California automobile dealers, or, if not listed in such guides, fair market value, for a motor vehicle of that year and model, shall not exceed one thousand dollars ($1,000).

"In the event of execution sale, the proceeds of the sale must be applied in the following order of priority: first, to the seller or mortgagee pursuant to subdivision (1) of Section 689c; second, to the debtor to the amount of the motor vehicle exemption; and third the balance, if any, in accord with subdivision (2) of Section 689c. Further, the money paid to the debtor shall be entitled, for a period of three months thereafter, to the same protection against legal process which the law gives to the motor vehicle exemption."

Plaintiff is correct in asserting that if no ambiguity, uncertainty, or doubt exists about the meaning of a statute, there is no necessity for judicial interpretation or construction. (*Stockton Sav. & Loan Bank* v. *Massanet,* 18 Cal.2d 200, 207 [114 P.2d 592].) Therefore, the first step in the process of statutory construction is to examine the language of the statute for ambiguity.

The pertinent language of section 690.2 reads: "In the event of execution sale, the proceeds of the sale must be applied in the following order of priority: first, to the seller or mortgagee pursuant to subdivision (1) of Section 689c; second, to the debtor to the amount of the motor vehicle exemption . . ." and third to the judgment creditor. There is no explicit requirement in section 690.2 that the debtor's share is conditioned upon making an exemption claim, nor is it explicitly not so conditioned. The language is fairly susceptible to either interpretation.

These conflicting interpretations cannot be resolved from the language alone, therefore we must look beyond the wording of the statute.

II. *The Statutory Scheme*

■ A second rule of statutory construction states that a specific provision should be construed with reference to the entire statutory system of which it is a part. (*Bowland* v. *Municipal Court,* 18 Cal.3d 479, 489 [134 Cal.Rptr. 630, 556 P.2d 1081].)

The distribution provision contained in section 690.2 is part of an overall statutory scheme dealing with exemptions from execution sales and their proper procurement. (See §§ 690-690.52.) Section 690 provides in pertinent part:

"(a) Except as otherwise specifically provided, the property mentioned in Sections 690.1 to 690.29, inclusive, is exempt from execution or attachment, when claim for exemption is made to the same by judgment debtor or defendant as hereinafter in Section 690.50 provided.

"(b) Whenever it is specifically provided in Sections 690.1 to 690.29, inclusive, that the filing of a claim of exemption is not required, the property so mentioned in each such section shall not be subject to levy of attachment or execution in any manner." (Stats. 1970, ch. 1523.)

Defendants contend that this section is controlling; therefore a debtor must file a claim to obtain the value of the vehicle exemption after execution and sale of the debtor's automobile. On the other hand, plaintiff contends that defendants' error lies in not distinguishing between a right to exempt an automobile from sale and a right to a statutory share of the execution sale proceeds.

All of the sections in the 690 series relate to exemptions for specific items of property, whether it be household furnishings, motor vehicles, motor homes, earnings for personal services, or workers' compensation awards. Section 690 refers to items of property included in the series and whether or not an exemption claim is needed to exempt such property from an execution sale. Paragraph one of section 690.2 falls under subdivision (a) of section 690 as applied to the specific item of property, i.e., a motor vehicle. However, section 690.2 is the only section in the series containing a paragraph fixing the priorities of participation in the execution sale proceeds. This second paragraph does not speak to the

item of property covered by section 690, but instead relates chronologically to events after an execution sale to which section 690 has no application because there is no longer a motor vehicle to exempt. The last sentence of the second paragraph of section 690.2, in providing the proceeds the same protection from legal process as is given the motor vehicle exemption (¶ 1) impliedly recognizes a distinction between the two.

If defendants' position is accepted, plaintiff envisions a hypothetical situation where a judgment debtor's automobile meets the market value limitation ($1,000) but the debtor's equity is more than $500. In this situation, plaintiff asserts the judgment debtor does not qualify to file an exemption claim and thus would lose the auto and not receive any money to purchase replacement transportation, short of filing a perjured exemption claim. Defendants counter that under section 690.50 a debtor can file a "partial exemption." In other words, file a claim alleging equity in the automobile of more than $500 and claim an exemption of $500. Section 690.50 provided in part:

"(a) If the property mentioned in Section[s] 690.1 to 690.29, inclusive, shall be levied upon under writ of attachment or execution, the . . . judgment debtor (herein referred to as 'the debtor'), in order to avail himself of his exemption rights as to such property, shall . . . deliver to the levying officer an affidavit . . . alleging that the property levied upon . . . is exempt . . . .

"(i) . . . At the conclusion of the hearing, the court shall give judgment determining whether the claim to exemption shall be allowed or not, in whole or in part, and may give judgment determining the priority or division of payment between one or more creditors. . . ." (Stats. 1974, ch. 1251.)

Defendants have not cited any authority in support of this theory and we are unable to find any such authority. Moreover, a fair reading of the statute referring to exemptions in whole or in part, indicates that it relates to the situation where a judgment debtor is claiming, for instance, an exemption to property which is divisible, i.e., tools or equipment under section 690.4. In such a case, section 690.50 could reasonably be construed to empower the court to exempt part of the tools or equipment or all of them. An automobile is not a divisible object and further, the money realized upon execution sale is not the property to which section 690.50 refers when it speaks of the debtor's "exemption rights in such

property." Such a construction as urged by defendants would extend section 690.50 beyond the plain language of the statute. The legislative history of section 690.2 sheds further light on the resolution to the parties' conflicting assertions.

III. *Legislative History*

■ Where language is susceptible of more than one meaning, it is the duty of the courts to accept that intended by the framers of the legislation, so far as its intention can be ascertained. (*Stillwell* v. *State Bar,* 29 Cal.2d 119, 124 [173 P.2d 313].) To arrive at the legislative intent in the interpretation of statutes, the original purpose and object of the legislation must be considered.

The history of the motor vehicle exemption statute manifests the Legislature's intent to allow a judgment debtor to retain an automobile of modest value to meet the debtor's basic transportation needs. This policy was first implemented in 1935 when the Legislature enacted a statute enabling a judgment debtor to exempt his vehicle from execution sale if its value were not in excess of $100. (Stats. 1935, ch. 723.) If worth less, the individual could keep the car; if it were worth more, the vehicle was sold, and the debtor would share in the proceeds only after the judgment was satisfied. Periodically the Legislature increased the value requirements but the "all or nothing" form of the statute remained the same. This approach was subject to criticism because if the automobile were valuable it was sold and the debtor did not receive the cash equivalent of the exemption. The judgment debtor would often be left without means to meet his basic transportation needs, thus thwarting the underlying policy of the statute. Despite this objection, the vehicle exemption remained basically unchanged until 1972.

In addition to making some changes with respect to value requirements and the determination thereof, the 1972 Legislature changed the basic form of the statute by adding a second paragraph which read as follows: "In the event of execution sale, the proceeds of sale must be applied in the following order of priority: first to the seller or mortgagee pursuant to subdivision (1) of Section 689c; second to the *exemption claimant* to the amount of the motor vehicle exemption; and third the balance, if any, in accord with subdivision (2) of Section 689c. Further, the money paid to the claimant shall be entitled, for a period of three months thereafter, to the same protection against legal process which the law gives to the motor vehicle exemption." (Stats. 1972, ch. 744; italics added.)

Before the enactment of this distribution paragraph, the portion of execution sale proceeds remaining, if any after the claims of the seller or mortgagee and the judgment creditor were satisfied, went to the judgment debtor. The apparent purpose of the 1972 amendment was to provide judgment debtors, whose vehicles exceeded the maximum value, with adequate means to purchase a replacement vehicle for employment or family transportation. (See 4 Pacific L.J. 296.)

Two years later, in 1974, the Legislature again reworked section 690.2 and amended the second paragraph by substituting "debtor" for "exemption claimant" in subdivision (2). The significance of this amendment is the central issue in this case.

When determining the legislative purpose behind a statutory amendment, courts may properly rely not only upon its legislative history but also upon committee reports. (*People* v. *Knowles,* 35 Cal.2d 175, 182 [217 P.2d 1].) The Senate Judiciary Committee Report on Assembly Bill 3933, which became the 1974 amendment to section 690.2, noted that the purpose of the amendment was to eliminate confusion over the distribution priorities in section 690.2. Moreover, the report commented as follows:

"When the law was changed in 1972, provisions governing the distribution of the proceeds realized in an execution sale [were] added. The words 'exemption claimant' were used to denote the debtor.

"However, the proponents state that some courts and several county counsels have held that 'exemption claimant' does *not* mean the debtor, on the basis that the debtor is not the exemption claimant since the value of the automobile was too high *for an exemption to have been claimed,* and therefore the 'exemption claimant' cannot be the debtor. Technically, this interpretation is probably correct since the debtor who is entitled to this $500 is one who could *not claim an exemption for the car itself, therefore he is technically not an 'exemption claimant.'*

"This bill changes the words 'exemption claimant' to 'debtor' so that it is clear that it is the debtor who is entitled to the balance of the proceeds up to $500 after the seller's or mortgagee's lien has been satisfied. The proponents contend that this bill clarifies the law to carry out the original legislative intent." (Sen. Judiciary Com. Rep., Assem. Bill No. 3933, 1974; original italics.)

The Assembly Judiciary Committee Bill Digest used similar language to describe the intent of the Legislature.

These committee reports indicate the Legislature was concerned that a debtor, whose vehicle did not qualify for the exemption, would not be able to file an exemption claim and would thus not be able to share in the proceeds. Thus, the Legislature did not interpret section 690.50 to provide for the "partial exemption" suggested by defendants, nor did they contemplate amending section 690.50 to so provide. The courts must construe the law as it is written, not as it might be written. (*Dodge* v. *Mitchell,* 94 Cal.App. 779, 781 [272 P. 352].) Rather, by substituting "debtor" for "exemption claimant," the 1974 amendment makes it clear that paragraph two of section 690.2 does not deal with exemptions. It follows then that an exemption claim is not necessary for entitlement to a share of the execution sale proceeds.

Rules of statutory construction support this position. " 'The very fact that the prior act is amended demonstrates the intent to change the pre-existing law, and the presumption must be that it was intended to change the statute in all the particulars touching which we find a material change in the language of the act.' " (*People* v. *Weitzel,* 201 Cal. 116, 118 [255 P. 792, 52 A.L.R. 811].) Every word, phrase, or provision of a statute is presumed to have been intended to have a meaning and perform a useful function. We will not assume that the language was used in a sense that would defeat the intended purpose or render an important provision inoperative. (45 Cal.Jur.2d, § 99, p. 613; *Clements* v. *T. R. Bechtel Co.,* 43 Cal.2d 227, 233 [273 P.2d 5].) And, too, the prevailing policy is to construe exemption statutes in favor of debtors and we see no reason why this policy should not equally apply to the distribution scheme of section 690.2. (*Independence Bank* v. *Heller,* 275 Cal.App.2d 84, 88 [79 Cal.Rptr. 868].)

Defendants would have us deny to judgment debtors their statutory share of the execution sale proceeds absent a prior exemption claim. Withholding from plaintiff her statutory share would deny her and those similarly situated access to a fund from which to purchase replacement transportation, transportation which not only enables a judgment debtor to continue a normal existence in California's mobile society, but also enables a judgment debtor to procure and maintain meaningful employment thus helping the unfortunate individual to avoid similar circumstances in the future. Accepting defendants' position would render this statute inoperative with respect to a large segment of judgment debtors

lacking either an adequate understanding of the statutory provision or meaningful access to legal counsel.

■ The Legislature reworded this statute in 1976 and disposed of the matter at issue herein. This subsequent amendment, which became law on January 1, 1977, states "This distribution shall be made, whether or not the debtor has filed a claim of exemption. . . ."[2] Inasmuch as the 1974 version of section 690.2 accords with this later amendment, a legislative intent to clarify rather than change the law, may well be inferred. (*Union League Club* v. *Johnson,* 18 Cal.2d 275, 279 [115 P.2d 425].)

[2]The full text of section 690.2, which became effective January 1, 1977, reads:

"(a) One motor vehicle with a value not exceeding five hundred dollars ($500), over and above all liens and encumbrances on such motor vehicle. The value of such motor vehicle shall be established by reference to used car price guides customarily used by California automobile dealers, or, if not listed in such guides, fair market value, for a motor vehicle of that year and model.

"(b) The levying officer shall consult the Department of Motor Vehicles and, if the department's records show that another vehicle is registered in the name of the debtor, the levying officer shall distribute the proceeds of the sale in the following order of priority:

"(1) First, the seller, lienholder or encumbrancer shall recover pursuant to paragraph (1) of Section 689c;

"(2) Second, to the satisfaction of the judgment; and

"(3) Third, the balance, if any, to the debtor.

"The levying officer shall notify the debtor if he intends to distribute under this subdivision and shall notify the debtor that the debtor may file a claim of exemption pursuant to Section 690.50 at any time prior to distribution of the proceeds of the sale. If he does not own another safe and functional motor vehicle which can legally be operated on the public roadway or a motor vehicle which can be made safe, functional, and legally operable on the public roadway, with an expenditure which is reasonable in relation to its fair market value, the claim of exemption shall be sustained.

"Any motor vehicle registered to the spouse of the debtor and which is community property shall be deemed to be owned by the debtor when the debtor and the debtor's spouse reside together.

"If the claim of exemption is sustained the proceeds shall be distributed as provided in subdivision (c).

"(c) When the debtor has only one vehicle, the levying officer shall distribute the proceeds of any execution sale or from the undertaking, if necessary, without further order of the court, in the following order of priority:

"(1) First, the seller, lienholder or encumbrancer shall recover pursuant to paragraph (1) of Section 689c;

"(2) Second, the debtor shall recover five hundred dollars ($500), the amount of the motor vehicle exemption;

"(3) Third, to the satisfaction of the judgment; and

"(4) Fourth, the balance, if any, to the debtor.

"This distribution shall be made, whether or not the debtor has filed a claim of exemption and regardless of who purchases the motor vehicle.

"(d) The levying officer shall not receive any bid at an execution sale under subdivision (c) unless it exceeds the total of:

"(1) The motor vehicle exemption;

"(2) The aggregate amount of all liens and encumbrances on the motor vehicle; and

"(3) The amount necessary to repay the judgment creditor for the fees and costs

Defendants contend, if, as we have concluded, that the 1974 amendment addresses the situation described in the Senate Judiciary Committee Report, it nevertheless does not apply to plaintiff. That is so, according to defendants, because plaintiff's vehicle sold for $355; therefore plaintiff could have applied for the exemption.

■ Section 690.2 as it read in 1974 gives the judgment debtor second priority in the distribution "across the board" without reference to an exemption claim. The Legislature did not adopt defendants' distinction and we decline to do so. Further, we note that section 690.2 states that the value of the automobile shall be determined from "used car price guides" or "fair market value." We have no evidence as to whether plaintiff's automobile was listed in used car price guides and the $355 realized at the execution sale is not dispositive of the automobile's fair market value.

Defendants also point out that if plaintiff's position is correct, the owner of more than one vehicle could keep one (equity less than $500) and receive a share of the proceeds after execution sale of each of the others. As this issue is not before the court we need not discuss it in detail. The Legislature in 1974 apparently did not fully explore the possibility of a judgment debtor owning more than one automobile. Nevertheless, the wording of the statute, its legislative history and the policy of favoring debtors supports plaintiff's interpretation and outweighs the import of this potential problem. Additionally, we note that the Legislature resolved this problem in the 1976 revision of section 690.2, by not only empowering the levying officer to check DMV records, but also by providing alternate distribution priorities in subdivisions (b) and (c). (See fn. 2, *ante.*)

The judgment is reversed.

Kaufman, Acting P. J., and Morris, J., concurred.

A petition for a rehearing was denied August 25, 1977, and respondents' petition for a hearing by the Supreme Court was denied September 28, 1977.

---

advanced to the levying officer.

"In the event no bid is accepted the levying officer shall release the motor vehicle to the debtor within five days.

"(e) Any amount representing the motor vehicle exemption paid to the debtor shall be entitled, for a period of 90 days thereafter, to the same protection against legal process which the law gives to the motor vehicle exemption."