Opinion
JOHNSON, J.
Defendant Andrew J. Stern (hereafter, appellant) appeals from an order denying claim of exemption under subdivision (a) of Code of Civil Procedure section 704.060. Appellant contends that pursuant to the *Supp. 24 foregoing subdivision, his business bank account was exempt from levy of execution to enforce a money judgment. We disagree and affirm the order denying appellant’s claim of exemption.
I.
The underlying action was instituted by respondent C.F. Nielsen, Inc., against appellant, an attorney, to collect on a promissory note. Judgment was entered for respondent and against appellant on September 23, 1991, in the amount of $18,198.38.
On October 1, 1991, the court clerk issued a writ of execution which was delivered to the Los Angeles County Sheriff. Respondent instructed the sheriff to levy execution on appellant’s business bank account.[1] On December 20, 1991, the sheriff levied on appellant’s business bank account.
On December 23, 1991, appellant filed a claim with the sheriff for a personal property exemption under subdivision (a)(3) of Code of Civil Procedure section 704.060. On January 2, 1992, respondent filed a motion for an order determining appellant’s claim of exemption.
On January 30, 1992, the trial court denied appellant’s claim of exemption. On February 21, 1992, appellant filed a motion for reconsideration of the trial court’s order denying his claim of exemption. Appellant’s motion for reconsideration was denied on February 28, 1992. Thereafter, appellant filed a timely notice of appeal.
II.
Appellant first contends the trial court erred in denying his claim of exemption under subdivision (a) of Code of Civil Procedure section 704.060. That subdivision exempts certain personal property from levy of execution to enforce a money judgment. It provides, in pertinent part:
“Tools, implements, instruments, materials, uniforms, furnishings, books, equipment, one commercial motor vehicle, one vessel, and other personal property are exempt to the extent that the aggregate equity therein does not exceed:
“(1) Two thousand five hundred dollars ($2,500), if reasonably necessary to and actually used by the judgment debtor in the exercise of the trade, business, or profession by which the judgment debtor earns a livelihood.
*Supp. 25 tí
“(3) Five thousand dollars ($5,000), if reasonably necessary to and actually used by the judgment debtor and by the spouse of the judgment debtor in the exercise of the same trade, business, or profession by which both earn a livelihood. . . .” (Code Civ. Proc., § 704.060, subd. (a).)
Appellant argues subdivisions (a)(1) and (a)(3) of Code of Civil Procedure section 704.060 establish a personal property exemption for his business bank account. We disagree.
It is a fundamental rule of statutory construction that an appellate court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. (Committee of Seven Thousand v. Superior Court (1988) 45 Cal.3d 491, 501 [247 Cal.Rptr. 362, 754 P.2d 708].) In determining such intent, we must look to the words of the statute, giving them their usual and ordinary meaning. (Ibid.) Statutes must be given a reasonable and commonsense interpretation consistent with the apparent purpose and intent of the Legislature, which upon application will result in sound policy rather than absurd or unjust results. (City of Poway v. City of San Diego (1991) 229 Cal.App.3d 847, 858 [280 Cal.Rptr. 368].)
Subdivisions (a)(1) and (a)(3) of Code of Civil Procedure section 704.060 expressly exempt only those items of personal property “reasonably necessary to and actually used” in the exercise of a trade, business or profession.
The usual and ordinary meaning of the above quoted language and the relevant case law pertaining to personal property exemptions indicate subdivisions (a)(1) and (a)(3) of Code of Civil Procedure section 704.060 were intended to protect only those tools, equipment, and other items of tangible property which are reasonably necessary and actually used by a judgment debtor in pursuing his livelihood. (See, e.g., Sun Ltd. v. Casey (1979) 96 Cal.App.3d 38, 40-42 [157 Cal.Rptr. 576]; Lopp v. Lopp (1961) 198 Cal.App.2d 474, 476-478 [18 Cal.Rptr. 338]; Peebler v. Danziger (1951) 104 Cal.App.2d 490, 490-491 [231 P.2d 894]; Twining v. Taylor (1959) 170 Cal.App.2d Supp 842, 843-845 [339 P.2d 646].)[2] To construe subdivisions (a)(1) and (a)(3) otherwise would be inconsistent with the apparent purpose and intent of the Legislature and would lead to unjust results.
We conclude appellant was not entitled to a personal property exemption for his business bank account under subdivision (a)(1) or (a)(3) of Code of Civil Procedure section 704.060.
*Supp. 26 III.*
IV.
The order denying appellant’s claim of exemption is affirmed. Respondent to recover costs on appeal.
Roberson, R J., and Krieger, J., concurred.

The account in question was a checking account for office-related expenses in connection with appellant’s law practice.

These cases discuss property exemptions under Code of Civil Procedure former section 690.4, which was superseded by subdivision (a) of Code of Civil Procedure section 704.060, effective July 1, 1983.

See footnote, ante, page Supp. 22.