In re Raymond & Nancy RAWN, Debtors.

Bankruptcy No. 96–12341.
MC No. RHT–1.

United States Bankruptcy Court,
E.D. California.

Aug. 14, 1996.

Adrian S. Williams, Fresno, California, for debtors.

Robert Hawkins, Chapter 7 Trustee, Fresno, California.

## CORRECTED MEMORANDUM OPINION

RICHARD T. FORD, Bankruptcy Judge.

### INTRODUCTION

Debtors Raymond and Nancy Rawn filed their Chapter 7 bankruptcy petition on April 12, 1996. Debtors claimed a 1991 Ford LTD automobile as exempt property pursuant to § 704.060 of the California Code of Civil Procedure. Debtors claim that the automobile is a tool of Raymond's trade as a mechanical engineer and attempted to exempt the vehicle in the amount of $5,375.00.

The Chapter 7 trustee filed an Objection to Property Claimed Exempt on June 3, 1996. Debtors filed a Response to Trustee's Objection to Property Claimed Exempt on July 9, 1996. The Trustee's Objection was heard on July 16, 1996, at which time the Court allowed the parties the option to submit supplemental pleadings and took the matter under advisement.

Debtors filed a Supplemental Declaration in Support of Response to Trustee's Objection on July 18, 1996. Trustee filed a Supplemental Objection and Points and Authorities on July 30, 1996.

The issue in this proceeding is whether the Debtors' vehicle qualifies as a tool of the trade exemption or is otherwise exempt as a commercial vehicle.

### JURISDICTION

Jurisdiction exists pursuant to 28 U.S.C. § 1334. Venue is proper under 28 U.S.C. § 1409(a). The District Court has generally referred these matters to the Bankruptcy Court for hearing pursuant to 28 U.S.C. § 157(a) and United States District Court, Eastern District of California, General Orders 182 and 223. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). This memorandum opinion constitutes this Court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

### DISCUSSION

The law governing the standards and rules which address the exemption of a motor vehicle as a tool of the trade is relatively undefined. As the Ninth Circuit commented in *In re Taylor*, 861 F.2d 550, 552–53 (9th Cir. 1988), "there is a plethora of case law interpreting the 'tools of the trade' allowance in the context of motor vehicles, and the courts are divided."

 Congress has expressly authorized that states may opt out of the federal exemption scheme. 11 U.S.C. § 522(b)(1); *Taylor*, 861 F.2d at 554. Federal law "places no limits on the generosity or lack thereof with which states may define ... exemption." *Id.* (citations omitted). Therefore, when a state has opted out of the federal exemption scheme of § 522(d), the court must look to state law to determine the source and scope of the debtor's exemptions. *Id. see generally* 2 **Epstein, Nickles & White, Bankruptcy,** § 8–1 (1992).

 Thus, the analysis begins with California's definition of their "tools of the trade" exemption.[1] In California, exemptions are to be construed liberally in favor of the debtor. *Sun Ltd. v. Casey*, 96 Cal.App.3d 38, 157 Cal.Rptr. 576 (1979); *Lopp v. Lopp*, 198 Cal. App.2d 474, 18 Cal.Rptr. 338 (1961); *see also In re Dubrock*, 5 B.R. 353 (Bkrtcy.W.D.Ky. 1980) (citing *Sun Ltd.* for the proposition that exemptions are to be liberally construed).

Section 704.060 of the California Code of Civil Procedure exempts:

Tools, implements, instruments, materials, uniforms, furnishings, books, equipment, one commercial motor vehicle, one vessel and other personal property to the extent that the aggregate equity does not exceed:

---

1. Although not relevant to this issue, once the court has ascertained that a debtor is entitled to a California exemption, a lien securing the motor vehicle may be avoided if the vehicle is necessary to the trade. *Taylor*, 861 F.2d at 553 ("lien avoidance on motor vehicles as tools of the trade ... is generally allowed in situations where the vehicle is necessary to the debtor's trade, and the state has opted out of the federal laundry list [of § 522], which limits the tools of trade exemption....").

(1) Five Thousand Dollars ($5,000) if reasonably necessary and actually used by the judgment debtor in the exercise of the trade, business or profession by which the judgment debtor earns a livelihood.

(2) Five Thousand Dollars ($5,000) if reasonably necessary to and actually used by the spouse of the judgment debtor in the exercise of the trade, business, or profession by which the spouse earns a livelihood.

(3) Ten Thousand Dollars ($10,000) if reasonably necessary to and actually used by the judgment debtor and by the spouse of the judgement debtor in the exercise of the same trade, business, or profession by which both earn a livelihood. In the case covered by this paragraph, the exemptions provided in paragraphs (1) and (2) are not available ...

(c) notwithstanding subdivision (a), a motor vehicle is not exempt under subdivision (a) if there is a motor vehicle exempt under Section 704.010 which is reasonably adequate for use in the trade, business, or profession for which the exemption is claimed under this section.

(d) The amount of the exemption for a commercial motor vehicle under paragraph (1) or (2) of subdivision (a) is limited to $4,000 [and $8,000 for paragraph 3].

Cal.Code Civ.Pro. § 704.060 (Bender 1996).

California cases purporting to interpret the scope of the tools of the trade exemption are few and far between. In *Lopp v. Lopp*, 198 Cal.App.2d 474, 18 Cal.Rptr. 338 (1961), the court focused on whether the vehicle was "necessary" to the trade or business in affirming the trial court's finding that a pick-up truck used for the mounting and dismounting of tires constituted a tool of the trade. *Id.* at 339.

In *Sun Ltd. v. Casey*, 96 Cal.App.3d 38, 157 Cal.Rptr. 576 (1979), the court, in reversing the trial court's denial of exemption, reasoned that the vehicle did not have to be exclusively used in the exercise of the trade or business ("a carpenter who makes his living with a hammer and a saw does not forfeit their exemption if he also uses that same hammer and saw for making repairs on his own house or assisting friends in making repairs or construction."). *Id.* at 577. The court held that a real estate agent's car was a tool of her trade because she used it to take herself and prospective buyers to and from listed properties. *Id.*

The most popularly cited case on the subject appears to be *In re Dubrock*, 5 B.R. 353 (Bkrtcy.W.D.Ky.1980). The *Dubrock* court, in ascertaining whether a car was a tool of the trade, reasoned that the car would constitute a tool of the trade only "if the occupation of the owner is uniquely dependent on its use." *Id.* at 354. The Court emphasized that the mere transport of the owner to and from work was "hardly comparable as an essential instrument of employment." *Id.*

*Dubrock* is not a California case and was decided before California opted out of the federal exemption scheme. However, it echoes the "necessity" requirement that California cases have held to be a requisite component of any tools of the trade exemption. *Dubrock* has also been cited with approval by courts in several circuits, including bankruptcy courts in the Ninth Circuit. *See, e.g. In re Dillon*, 18 B.R. 252, 255 (Bkrtcy.E.D.Cal. 1982).

■ Therefore, the standard articulated under California case law attempting to demarcate the parameters of the tools of the trade exemption focus on the necessity of the vehicle to the particular trade. As a direct consequence of the paucity of case law interpreting the breadth of the tools of the trade exemption, bankruptcy courts are left with the daunting task of ascertaining whether a particular vehicle is necessary to the debtor's trade in the absence of any bright guidelines delineated by relevant state law.[2]

---

2. Even among the few California cases endeavoring to define the limits of § 704.060, there seems to be diverging opinion over the necessity requirement. For example, *Lopp* would suggest that the necessity requirement be applied to a particular vehicle relative to the debtor's trade (pickup truck to the trade of tiremounting) while *Sun Ltd.* addressed whether any vehicle would qualify as exempt so long as the debtor showed that it was a necessary tool of the trade (generic passenger car to trade of real estate).

In the case at bar, however, Debtors have offered no evidence whatsoever that the vehicle is a necessary tool of Raymond's trade. Nor have the Debtors given any authority for the proposition that the use of a vehicle as transportation to and from work constitutes a valid exemption under California law.

Raymond is a mechanical engineer. The mere fact that he is required to supply his own transportation in order to commute to and from work is not, in and of itself, necessary to the execution of his trade. This conclusion is supported by analogy to California case law which has looked to the intrinsic qualities of the trade of the debtor, rather than the basic need of providing transportation to and from work, in evaluating whether the tool is necessary to the trade. *Lopp,* 18 Cal.Rptr. at 340; *Sun Ltd.,* 157 Cal.Rptr. 576. Other courts have echoed the reasoning that the debtor's use of a vehicle as means of transportation to and from work does not constitute a necessary tool of the trade subject to exemption. *Dubrock,* 5 B.R. at 354 ("It is not sufficient if one's dependence on the car is limited to use for travel to and from work.") (citation omitted).

### THE COMMERCIAL VEHICLE EXEMPTION

If a vehicle is not exempt per se as a tool of the trade, it may still qualify as exempt property if it is a commercial vehicle. **Cal.Code Civ.Pro.** § 704.060 (1996).

Section 260 of the California Vehicle Code defines "commercial vehicle" as:

(a) a vehicle **of a type required to be registered under this code** used or maintained for the transportation of persons for hire, compensation, or profit or designed, used, or maintained primarily for the transportation of property.

(b) Passenger vehicles which are not used for the transportation of persons for hire, compensation, or profit and housecars are not commercial vehicles.

(c) any vanpool vehicle is not a commercial vehicle.

**Cal.Veh.Code** § 260 (West 1987 & Supp. 1996) (emphasis added).

The Vehicle Code defines "passenger vehicle" as "any motor vehicle, other than a motortruck or truck tractor, designed for carrying not more than 10 persons including the driver and used or maintained for the transportation of persons. The term 'passenger vehicle' shall include a housecar." **Cal.Veh.Code** § 465 (West 1987 & Supp. 1996).

A "van pool" is defined by the Vehicle Code as "any motor vehicle, other than a motortruck or truck tractor, designed for carrying more than 10 but not more than 15 persons including the driver, which is maintained and used primarily for the nonprofit work-related transportation of adults for the purpose of ridesharing." **Cal.Veh.Code** § 668 (West 1987 & Supp.1996).

The definition of "vanpool" combined with the reasoning behind relevant caselaw addressing the statute speaks volumes regarding the legislative intent behind the enactment of the code provision.

An analysis of the caselaw interpreting California Vehicle Code § 260 indicates that insurance coverage is one of the primary reasons that commercial vehicles are classified differently from passenger vehicles. The leading case interpreting section 260 is *Government Employees Ins. Co. v. Carrier Ins. Co.,* 45 Cal.App.3d 223, 119 Cal.Rptr. 116 (1975). That court defined commercial vehicles as one in which persons or property are transported for hire. *Id.* at 228, 119 Cal. Rptr. 116. The court stated:

"Commercial Vehicles" are of two types: (1) those put to the use of transporting persons for hire, and (2) those designed, used or maintained primarily for the transportation of property. In other words, vehicles used for the traditional purposes of public livery or conveyance, such as buses, taxicabs, or other vehicles functioning as common carriers or otherwise, operate for a profit.

*Id.*

Apparently, the Insurance Code has designated that when two or more insurance policies are applicable to the same loss, the commercial vehicle owner is primary liable and the other policy holder is excess liable.

*Government Employees,* 45 Cal.App.3d at 227–28, 119 Cal.Rptr. 116. Commercial vehicle owners, therefore, absorb the brunt of the loss because they are in the best position to pass the cost along to the public because they operate as businesses. *Id.* at 229, 119 Cal. Rptr. 116.

Thus, by excluding vanpools from the classification of "commercial vehicle", the owner of the vanpool is encouraged to promote the legislative goal of ridesharing and carpooling because of the insurance benefit allotted to vanpool vehicles. This conclusion is further buttressed by noting that the definition of vanpool includes the language "non profit" indicating that the passengers are not paying the driver of the vanpool as they would a taxi or common carrier.

■ A car, therefore, would not qualify as a commercial vehicle unless it were registered in that manner. The Vehicle Code supports this conclusion because § 260(b) specifically says that passenger vehicles not used for transportation of people for hire, compensation or profit are not commercial vehicles. **Cal.Veh.Code** § 260(b).

■ Thus, a vehicle registered as a "commercial vehicle" would: (a) Either transport a person for profit, or; (b) Be designed, used and maintained primarily for the transportation of property. *Government Employees,* 45 Cal.App.3d at 228, 119 Cal.Rptr. 116.

It would appear that the California legislature, in enacting § 704.060, endeavored to allow debtors who own limousines and taxis **or** who use vehicles to transport materials or tools to and from job sites to register those vehicles as commercial vehicles and consequently exempt them pursuant to § 704.060. *Id.* at 228–29, 119 Cal.Rptr. 116.

California Vehicle Code section 260(b) states that passenger vehicles which are not used to transport people for hire are not commercial vehicles. Thus, the only conceivable category of debtors who could "transport a person for profit", the first manner in which a commercial vehicle may be registered, would be taxi cabs, buses and other common carrier types. *Id.* at 228, 119 Cal. Rptr. 116.

The other manner in which a vehicle may register as a commercial vehicle, the transportation of property, would apply to broader base of debtors, particularly those individuals who use trucks to transport their materials in the execution of their respective trade.

Since none of the demonstrated requirements for a commercial vehicle have been addressed in this case, the Court concludes that the vehicle at issue in this proceeding is not exempt as a commercial vehicle under § 704.060 of the California Code of Civil Procedure.

## CONCLUSION

Based on the evidence and authorities provided by the parties, the trustee's Objection to Debtor's Exemption is SUSTAINED. In light of the Court's decision, it is unnecessary to address the issue of the amount which § 704.060 contemplates that the debtor may exempt for a vehicle constituting a tool of the trade.