[No. C065406. Third Dist. June 3, 2011.]

DANA WAYNE KONO, Plaintiff and Respondent, v.
LAWRENCE R. MEEKER et al., Defendants and Appellants.

**COUNSEL**

Lawrence R. Meeker and Carole J. Meeker, in pro. per., for Defendants and Appellants.

Matheny Sears Linkert & Jaime, Michael A. Bishop and Amanda R. Gimbel for Plaintiff and Respondent.

## OPINION

**ROBIE, J.**—Defendants Lawrence R. Meeker and Carole J. Meeker (collectively the Meekers) argued unsuccessfully in the trial court that inventory items sold by their retail antiques business are exempt from levy of execution to enforce a money judgment because they constitute the "tools of the[ir] trade." (See Code Civ. Proc.,[1] § 704.060, subd. (a).) We conclude the trial court correctly determined that items from the Meekers' inventory of antiques are not exempt from levy and affirm the order denying their claim of exemption.

### BACKGROUND

The Meekers are antique dealers, doing business as Antiques of a Mechanical Nature and Patented-Antiques.com. They deal almost exclusively in antique patented or mechanical devices, including tools and what they describe as "technology-related antiques." The vast majority of the items offered for sale on the Meekers' Web sites are sold on consignment by third parties (as to which the Meekers receive a percentage of the sale); the balance are items owned by the Meekers when they are offered for sale.

Plaintiff and respondent Dana Wayne Kono obtained a California judgment based on a 2006 sister-state judgment rendered in Iowa in favor of Kono and against the Meekers and their two antiques businesses, on which $317,000 then remained unsatisfied.

After conducting a judgment debtor exam, Kono obtained an order for delivery of property after examination, directing the Meekers to promptly turn over 11 items of personal property to the levying officer, so that proceeds from their sale could be applied toward satisfaction of the sister-state judgment.

The Meekers responded by timely filing claims of exemption. Chief among the Meekers' exemption claims was that most of the items identified in the court's order are exempt from levy as the inventory of their antiques business: "[w]ith a retail value of less than $1300 they are claimed under CA code section §704.060, exempt as personal property used in the trade/business of judgment debtor and spouse, falling considerably below the allowable

---

[1] Further unspecified statutory references are to the Code of Civil Procedure.

exemption amount of $13,465." Indeed, several items listed on the court's order can no longer be levied because they "have already been sold during the normal course of business."

Kono opposed the Meekers' claims of exemption. The matter was briefed and set for hearing.

The hearing focused in significant part on three inventory items owned by the Meekers, which were levied upon following the court's order: an antique sewing machine, an antique surveying unit, and an antique fluting iron (a pressing iron used to create ruffles in fabric).

The Meekers acknowledged that these three items are not tools in the sense that they use them for the purpose for which they were designed—i.e., sewing, ironing or surveying—but are tools "in the sense [that] they are part of our business" because they are sold to people who collect similar items. Moreover, these few items of inventory that the Meekers themselves own "act[] as a tool to attract consigners" by (among other things) "showing our consignors that we specialize in tool antiques, . . . that we have experience in it, and we have sold items similar to what they have so they have confidence in leaving their consigned goods in our hands to sell." For these reasons, they argued, their inventory of personally owned items is absolutely necessary to maintaining their antique business.

The court denied the Meekers' claim of exemption on the three inventory items. "[T]he evidence has shown, to me anyway, that these are not actually used in business; that they were, in fact, inventory. I think while we have to construe these things liberally, there's a certain amount of common sense that has to be used.

"I mean, if you were a seamstress, if you were a surveyor, then these things might actually be construed to be things that were actually used in your business. But I think stretching the idea of inventory in this case goes beyond the reasonable interpretation of the statutes. So I am going to find that those items are not subject to the claim of exemption as items actually used in the business.

"If you have a store and you have computers, cash registers, racks, things like that are actually used in the business. But these things, obviously, were offered for sale. They were inventory. So I don't think that they come under the claim for exemption."

## DISCUSSION

■ As a general rule, all property of a judgment debtor is subject to enforcement of a money judgment. (§ 695.010, subd. (a); *Ford Motor Credit Co. v. Waters* (2008) 166 Cal.App.4th Supp. 1, 8 [83 Cal.Rptr.3d 826].) The California Constitution, however, requires the Legislature to protect "a certain portion" of a debtor's property from forced sale. (Cal. Const., art. XX, § 1.5.) The purpose of this requirement is to protect enough of the debtors' property from enforcement to enable them to support themselves and their families, and to help shift the cost of social welfare for debtors from the community to judgment creditors. (*Ford Motor Credit Co..*, at p. Supp. 8; Ahart, Cal. Practice Guide: Enforcing Judgments and Debts (The Rutter Group 2010) ¶ 6:820, p. 6E-1 (rev. # 1, 2010).)

To that end, California has enacted a "comprehensive and precisely detailed scheme" governing enforcement of money judgments. (*Ford Motor Credit Co. v. Waters, supra,* 166 Cal.App.4th at p. Supp. 7; see §§ 697.010–706.154.) The kinds and degrees of property exempt from levy are described in sections 704.010 through 704.210. These provisions relate to property of the debtor that would ordinarily be subject to enforcement of a money judgment by execution or otherwise, but for the statute allowing the debtor to retain all or part of it to protect himself and his family. These exemptions are wholly statutory and cannot be enlarged by the courts. (*Ford Motor Credit Co,* at p. Supp. 8, and cases cited therein; see *Sun Ltd. v. Casey* (1979) 96 Cal.App.3d 38, 40 [157 Cal.Rptr. 576] [construing former exemption statutes].) And although the burden of proof lies with the party claiming the exemption, exemption statutes are generally construed in favor of the debtor. (*Ford Motor Credit Co.,* at p. Supp. 8.)[2]

Against this background, we examine the Meekers' contention the trial court erred in denying their claim of exemption under subdivision (a) of section 704.060. This subdivision provides that "[t]ools, implements, instruments, materials, uniforms, furnishings, books, equipment, one commercial motor vehicle, one vessel, and other personal property are exempt to the extent that the aggregate equity therein does not exceed:

"(1) Six thousand seventy-five dollars ($6,075), if reasonably necessary to and actually used by the judgment debtor in the exercise of the trade,

---

[2] Orders granting or denying a claim of exemption are appealable. (§ 703.600; *Ford Motor Credit Co. v. Waters, supra,* 166 Cal.App.4th at p. Supp. 7.)

business, or profession by which the judgment debtor earns a livelihood. [¶] . . . [¶]

"(3) Twice the amount of the exemption provided in paragraph (1), if reasonably necessary to and actually used by the judgment debtor and by the spouse of the judgment debtor in the exercise of the same trade, business, or profession by which both earn a livelihood. . . ." (§ 704.060, subd. (a).)

This section is commonly described as the "tools of trade" or "tools of the trade" exemption. (See Ahart, Cal. Practice Guide: Enforcing Judgments and Debts, *supra*, ¶ 6:942, p. 6E-31 (rev. # 1, 2010); Earthman, *Making a Bad Situation Worse: Going Against the Current, Have Tennessee and Mississippi Floundered in Their Approach to the "Tools of the Trade" Exemption?* (2001) 31 U. Mem. L.Rev. 401, 409–411 [survey of tools exemption in various jurisdictions].)

The Meekers assert that items from their inventory of antiques should be exempt from levy to satisfy Kono's judgment under section 704.060, subdivision (a)(3) because those items are "materials . . . and other personal property . . . [¶] . . . [¶] . . . reasonably necessary to and actually used by the judgment debtor and [his spouse]" (§ 704.060, subd. (a)(3)) in their antique dealer business.

■ The question of whether section 704.060 applies generally poses a question of fact in the trial court "to be determined upon common-sense principles, in view of the circumstances of the particular case." (*In re Petersen* (N.D.Cal. 1899) 95 Fed. 417, 419; see *Ford Motor Credit Co. v. Waters, supra*, 166 Cal.App.4th at p. Supp. 7.) On appeal, we review de novo the application of exemption statutes to undisputed facts. (*Ford Motor Credit Co.*, at p. Supp. 7.)

Unfortunately, "California cases purporting to interpret the scope of the tools of the trade exemption are few and far between." (*In re Rawn* (Bankr. E.D.Cal. 1996) 199 B.R. 733, 735.) The Meekers have identified no authority for the proposition that inventory items possessed for retail sale by a debtor engaged in the business of retail sales are exempt under the California "tools of trade" statute, and we are aware of none.

■ Traditional rules of statutory construction assist us in analyzing the issue presented by this appeal. (*Ford Motor Credit Co. v. Waters, supra*, 166

Cal.App.4th at pp. Supp. 8–9, and cases cited therein.) Statutes are to be interpreted in accordance with their apparent purpose. First and foremost, we look for that purpose in the actual language of the statute. If the meaning is without ambiguity, doubt, or uncertainty, then the language controls. If, however, the meaning of the words is not clear, we may refer to various extrinsic aids, including the history of the statute, to determine the intent of the Legislature. If neither the words of the statute nor its legislative history reveals a clear meaning, we apply reason and practicality, and interpret the statute in accord with common sense and justice, and to avoid an absurd result. (*Ibid.*; *Katosh v. Sonoma County Employees' Retirement Assn.* (2008) 163 Cal.App.4th 56, 62–63 [77 Cal.Rptr.3d 324].)

█ " 'But the "plain meaning" rule does not prohibit a court from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute. The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.] Literal construction should not prevail if it is contrary to the legislative intent apparent in the statute. The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. [Citations.] An interpretation that renders related provisions nugatory must be avoided [citation]; each sentence must be read not in isolation but in the light of the statutory scheme [citation]; and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed [citation].' " (*Ford Motor Credit Co. v. Waters, supra,* 166 Cal.App.4th at p. Supp. 9, quoting *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

█ The trial court here rejected the Meekers' assertion that the statute exempts inventory items from levy because they are not "actually used" in conducting their retail business, within the meaning of section 704.060, subdivision (a)(3). We agree with the trial court's interpretation of the statute.

█ Historically, the tools and materials exempted from execution under section 704.060 and its predecessor statute were the "utensils and implements" owned and actually used by a debtor tradesman in exercising the trade, business or profession by which he earns a living, or the utensils and implements owned by a debtor in the "business" of the trade who employed others to assist him in doing the work. (*In re Petersen, supra,* 95 Fed. at p. 419.) Similar, former iterations of section 704.060 exempted a safe used by the debtor in his business as a jeweler and watch repairer (*In re McManus* (1890) 87 Cal. 292, 293–294 [25 P. 413]), a car used by a real estate salesperson to drive herself and her clients to and from listed properties (*Sun*

*Ltd. v. Casey, supra,* 96 Cal.App.3d at pp. 40–42), the pickup truck of a debtor in the business of mounting and dismounting retread tires at various used car lots (*Lopp v. Lopp* (1961) 198 Cal.App.2d 474, 477 [18 Cal.Rptr. 338]), a cemetery sexton's grave-digging tools and lawnmowers (*Peebler v. Danziger* (1951) 104 Cal.App.2d 490, 491 [231 P.2d 894]), and the tractor used by a spreader of agricultural fertilizer (*Twining v. Taylor* (1959) 170 Cal.App.2d Supp. 842, 844–846 [339 P.2d 646]). "If the debtor has special skill or knowledge in an occupation which requires such skill or knowledge, then any tools necessary to that occupation are exempt under the statute unless there is clear evidence that the debtor has abandoned that occupation or is incapable of continuing in it." (*In re Vigil* (Bankr. N.D.Cal. 1989) 101 B.R. 189, 190–191 [interpreting § 704.060].)

Although there are no cases interpreting the words "materials" or "other personal property" as they now appear in section 704.060, the evident purpose and policy of the exemption is to protect the basic tools and utensils necessary to aid the debtor in continuing in his means of livelihood. (See *Sun Ltd. v. Casey, supra,* 96 Cal.App.3d at p. 41.) The trial court's interpretation of the statute is consistent with this intention. Thus, for example, a debtor engaged in the brick and mortar retail trade might properly seek to exempt his shelving, fixtures, and cash register. These items are personal property "actually used" in his livelihood; they store, protect and preserve the debtor's inventory, and help him to account for sales. In contrast, an Internet-based retail business might arguably seek exemption for a computer or a camera used to take pictures of merchandise advertised for sale on its Web site. These items are "actually used by the judgment debtor . . . in the exercise" of the business by which he and his spouse earn their livelihood. (§ 704.060, subd. (a)(3).) But in neither case does the debtor "actually use" his inventory in the way a jeweler uses his safe (see *In re McManus, supra,* 87 Cal. at pp. 293–294), or the way a traveling tire repairman uses his truck (see *Lopp v. Lopp, supra,* 198 Cal.App.2d at p. 477).

Finally, even were we to accept for argument's sake that the Meekers' inventory is personal property that is "actually used" in their retail trade so as to exempt it under section 704.060, the Meekers cannot satisfy subdivision (a)(3) without also showing that the specific items on which Kono sought to levy were "reasonably necessary to" the exercise of their business. While they argued that maintaining some inventory items that they actually own operates to "attract consigners," they made no attempt to show any particular necessity associated with the three items at issue here.

## DISPOSITION

The order is affirmed. Kono is awarded his costs on appeal. (Cal. Rules of Court, Rule 8.278(a)(2).)

Raye, P. J., and Mauro, J., concurred.

A petition for a rehearing was denied June 20, 2011, and appellants' petition for review by the Supreme Court was denied August 31, 2011, S194800.